IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | ) |
| | ) |
| vs. | ) CASE NUMBER: 2:06-CR-00202-WKW |
| | ) |
| **EUGENE L. CLECKLER** | ) |

DEFENDANT EUGENE CLECKLER'S MOTION TO DISMISS

COMES NOW Eugene L. Cleckler, and hereby moves the Court to dismiss Count One of the indictment. The defendant states as follows:

Count One alleges that "T.M." and "C.B." conspired with the Defendant between November 1996 and November 2000 to obstruct or impede the administration of the IRS by causing false documents to be delivered to the IRS. There are actually two different alleged conspiracies charged in Count One:

1. A conspiracy to create false documents and submit a false summary to the IRS in 1996 on behalf of Gene's Marine. (Count One Paragraphs 5 and 6); and

2. A conspiracy to create false documents between May 2000 and November 2000 and cause them to be delivered to an IRS agent in order to shift income to EZY-Ryder. (Count One Paragraphs 7 and 8).

Count One alleges two separate conspiracies with separate objects to accomplish different purposes with a three and one-half years intervening period between the alleged conduct in 1996 and that of 2000. Each conspiracy requires proof of three factors: common goal, common scheme, and overlapping participants. *United States v. Brito*, 721 F.2d 743, 747 (11th Cir. 1983). Each conspirator must have a general knowledge of the conspiracy's overall purpose and scope. *United States v. Jones*, 913 F.2d 1552, 1561 (11th Cir. 1990).

The government's charge in Count One contemplates a continuing conspiratorial agreement hatched but not completed in 1996, then a forty-two month incubation period where no activity whatsoever occurred, and finally, a resumption of the 1996 conspiracy in May, 2000, notwithstanding new means, methods, object and plan.

The charged conduct in 1996 committed by "TM" involved the alleged preparation and submission of a summary sheet reflecting Gene's Marine expenses. The conduct in 2000 involved the preparation of false documents relating to Ezy Rider. The conduct is not of a common purpose and plan. The joining of two or more distinct offenses in the same indictment count, as here, is forbidden and is due to be dismissed. *United States v. Ramos*, 666 F.2d 469 (11th Cir. 1982).

Respectfully submitted, this the 9th day of November, 2006.

s/ Ronald R. Brunson
RONALD R. BRUNSON 1696
ATTORNEY FOR EUGENE L. CLECKLER
2126 Morris Avenue
Birmingham, Alabama 35203
(205) 252-2100

## CERTIFICATE OF SERVICE

    I hereby certify that on November 9th, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

    Andrew O. Schiff, Esq., Assistant U.S. Attorney
    201 One Court Square
    Post Office Box 197
    Montgomery, AL  36101-0197
    Andrew.schiff@usdoj.gov, Debbie.shaw@usdoj.gov

    George L. Beck, Jr., Esq.
    Terrie S. Biggs, Esq.
    CAPELL & HOWARD, P.C.
    150 South Perry Street
    Post Office Box 2069
    Montgomery, Alabama  36102-2069
    glb@chlaw.com tsb@chlaw.com


                            s/ Ronald R. Brunson
                            RONALD R. BRUNSON