IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v | ) | CR. NO. 2:06CR202-WKW |
| | ) | |
| EUGENE L. CLECKLER | ) | |
| KIM CLECKLER | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

On August 15, 2006, Eugene and Kim Cleckler were indicted under 18 U.S.C. § 371[1] for conspiracy to defraud the Internal Revenue Service (IRS) of the United States by various means to reduce the amount of taxes which their business would owe resulting from an audit. In the second count of the indictment, both defendants were also charged under 26 U.S.C. § 7212(a) and 18 U.S.C. § 2 for aiding and abetting each other to corruptly obstruct and impede the due administration of the internal revenue laws of the United States by presenting to the IRS forged and altered documentation. Kim Cleckler filed a motion to dismiss the indictment on November 8, 2006 (doc. # 41) and Eugene Cleckler filed a motion to dismiss the indictment on November 9, 2006. (doc. # 43). The

---

[1] The statute, 18 U.S.C. § 371 provides as follows:

If two or more persons conspire either to commit any offense against the United States, or to defraud the United States, or any agency thereof in any manner or for any purpose, and one or more of such persons do any act to effect the object of the conspiracy, each shall be fined under this title or imprisoned not more than five years, or both.

If, however, the offense, the commission of which is the object of the conspiracy, is a misdemeanor only, the punishment for such conspiracy shall not exceed the maximum punishment provided for such misdemeanor.

government has filed responses to both motions. After due consideration of the motions and the government's responses, the court concludes that the motions are due to be denied.

    1. **Failure to Allege "Agreement."** The Clecklers contend that the conspiracy count of the indictment is fatally deficient because it fails to allege the existence of an "agreement" which, of course, is the essence of a conspiracy. "For an indictment to be valid, it must contain the elements of the offense intended to be charged, and sufficiently apprise the defendant of what he must be prepared to meet." *United States v. Bobo*, 344 F.3d 1076, 1083 (11th Cir.2003) (internal quotation marks omitted). "An indictment not framed to apprise the defendant with reasonable certainty, of the nature of the accusation against him is defective, although it may follow the language of the statute." *Id.* (internal quotation marks omitted). "Furthermore, if the indictment tracks the language of the statute, it must be accompanied with such a statement of the facts and circumstances as will inform the accused of the specific offense, coming under the general description, with which he is charged." *Id.* (internal quotation marks omitted). *See also United States v. Critzer*, 951 F.2d 306, 308 (11th Cir.1992).

    To prove conspiracy under 18 U.S.C. § 371, the government must establish the existence of an agreement to achieve an unlawful objective, the defendant's knowing and voluntary participation in the conspiracy, and the commission of an overt act in furtherance of the conspiracy. *United States v. Suba*, 132 F.3d 662, 672 (11th Cir.1998).

In the instant case, the indictment tracks the statutory language alleging that the defendants engaged in a conspiracy to defraud the government. More particularly, the indictment (1) alleges that the defendants "did conspire among themselves and with . . . " others "for the purpose of impeding, impairing, obstructing, and defeating the lawful Government functions of the IRS in the ascertainment, computation, assessment and collection of revenue, that is, income taxes;" (2) alleges the object of the conspiracy as the reduction of additional taxes assessed against the defendants through the submission of fraudulent documents during the IRS audit; (3) alleges the means and manner in which the conspiracy was accomplished, setting forth in detail the defendants' use of fraudulent documents and generally describing those documents, and (4) alleges with specificity the overt acts committed in furtherance of the conspiracy.

The fact that the indictment did not use the term "agreement" is not fatal. This indictment tracks the language of the statute and is accompanied with a statement of the facts and circumstances which adequately informs the accused that they are charged with conspiracy to defraud the government through the use of fraudulent documents. It was not necessary that the indictment use the term "agreement."

    2. **Count I is Duplicitous.** The Clecklers argue that the conspiracy count in the indictment is duplicitous because it joins two offenses in one count[2]. The defendants

---

[2] Eugene Cleckler also argues that the 1996 and the 2000 conduct are not part of a common purpose and plan; therefore, joining these "offenses" in a single count is impermissible. To the extent that this argument is based on the assertion of a fact – whether the conduct is part of a common purpose or plan – the court is precluded from considering the argument. *United States v. Critzer*, 951 F.2d 306,

correctly observe that the indictment first alleges that beginning in or about November 1996 Eugene Cleckler with the assistance of Kim Cleckler directed TM[3] to create fictitious documents showing money paid to suppliers of their business. These documents thus created business expenses thereby lowering taxes. The indictment also alleges that beginning in May 2000 Eugene assisted by Kim directed TM and CB to create documents which showed that income earned by their business was earned by another business, thereby lowering taxes due. The Clecklers argue that the indictment alleges two distinct conspiracies: one "to impede the administration of the IRS" and one "to shift income and reduce taxes." This argument is fallacious. Rather than alleging two distinct conspiracies, the indictment alleges one conspiracy which was carried out by multiple means. *See e.g. United States v. Smith*, 159 Fed.Appx. 94 (11th Cir. 2005). Count one of the indictment is not duplicitous.

    3. **Failure to Allege Substantive Offense.** The Clecklers argue that the indictment is defective because it does not allege that any substantive federal tax or other offense was committed by the defendants. In order to charge a violation under § 371, the government must show that the defendant conspired to commit one or more substantive offenses against the United States, *or* that the defendant conspired to defraud the

---

307(11th Cir. 1992) (Court may not make a pretrial determination of the sufficiency of the evidence but must determine the sufficiency of an indictment from its face).

    [3]TM and CB are so identified in the indictment and allegedly were employee's of Gene's Marine Sales and/or Ezy-Rider, Inc.

government in any manner or for any purpose. *United States v. Sans*, 731 F.2d 1521, 1533-35 (11th Cir.1984). The statute is written in the disjunctive and should be interpreted as establishing two alternative means of committing a violation. *United States v. Harmas*, 974 F.2d 1262, 1266 (11th Cir. 1992). Here, the indictment is based on the fraud component of the statute, not the offense component. Thus, no substantive offense allegation was required.

    4. **Statute of Limitations.** The Clecklers argue that both the 1996 conspiracy and the 2000 conspiracy alleged in Count One of the indictment are violative of the five year statute of limitations in 18 U.S.C. § 3282. This argument is fallacious. The court has already concluded that the indictment charges a single conspiracy to defraud the United States which commenced in 1996. As the United States correctly points out, the statute of limitations applicable to a charge of defrauding the United States by impeding the Internal Revenue Service is six years. 26 U.S.C. § 6531; *United States v. Waldman*, 941 F.2d 1544 (11th Cir. 1991). The last overt act occurred in November 2000. The indictment was returned on August 15, 2006, before the expiration of six years.

    5. **Fair Notice.** The Clecklers argue that the indictment fails to give them fair notice of the crime with which they are charged because the indictment is unconstitutionally vague. They contend that in the indictment "the Government shifts its attack and appears uncertain whether it intends to charge a failure to pay taxes or obstruction of an IRS administrative audit. This uncertainty creates an unconstitutional

5

vagueness." This argument borders on the frivolous. The indictment is clear. It alleges that the defendants conspired to defraud the United States by impeding, impairing, obstructing and defeating the IRS in the ascertainment, computation, assessment and collection of revenue. The conspiracy was carried out by the use of fraudulent documents. The purpose was to reduce additional taxes owed as a result of the audit. The indictment is more than adequate in giving notice of what the defendants must defend.

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the motions to dismiss be denied. It is further

ORDERED that the parties are DIRECTED to file any objections to the said Recommendation **on or before December 4, 2006**. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation objected to. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir.

1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

    Done this 20th day of November, 2006.

                                        /s/Charles S. Coody
                                        CHARLES S. COODY
                                        CHIEF UNITED STATES MAGISTRATE JUDGE