IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.    ) | CR. NO. 2:06cr202-WKW |
| ) | |
| EUGENE CLECKLER and ) | |
| KIM CLECKLER ) | |

### UNITED STATES' MOTION IN LIMINE

Comes now the United States of America, by and through Leura G. Canary, United States Attorney for the Middle District of Alabama, and hereby moves in limine as follows.

### I.   STATEMENT OF FACTS

The Indictment charges Eugene Cleckler ("Eugene") and Kim Cleckler with conspiracy to defraud the United States and with obstructing an Internal Revenue Service ("IRS") audit. The Government anticipates that the defendants' former employees will testify that, at the defendants' instructions and with the defendants' assistance, the employees created fraudulent records and caused them to be presented to the IRS. Based on discussions with Eugene's counsel, the Government believes that the defendants intend to attempt to impeach one or more of the Government's witnesses with evidence and/or cross-examination regarding conduct unrelated to the events in question. The Government moves in limine so that the Court can rule on the propriety of any such evidence prior to cross-examination of the witness.

On a separate issue, pre-indictment, Eugene's counsel offered to have Eugene take a polygraph examination. The Government wrote back, proposing a time and conditions for the examination. The Government's recollection was that there was some further limited discussion on the issue, with Eugene's counsel raising a question concerning the terms of the examination and the

Government raising the possibility of Eugene retaining his own examiner and providing the results to the Government. No examination was performed by the Government, and to the Government's knowledge, no defense exam was performed either. The Government moves in limine to preclude any argument or evidence concerning Eugene's willingness to take a polygraph.

## II.  THE COURT SHOULD RESOLVE OUTSIDE THE HEARING OF THE JURY ANY ISSUES RELATING TO THE PROPER SCOPE OF CROSS EXAMINATION

Motions in limine are a proper method for the Court to determine issues relating to the scope of cross-examination. *See Luce v. United States*, 469 U.S. 38, 41 n.4 (1984). In particular, in limine motions allow such matters to be considered outside the presence of the jury, thus limiting the risk that the jury will hear inadmissible evidence, as well as protecting the witness from undue harassment and embarrassment. *See* Fed. R. Evid. 103(c) ("In jury cases, proceedings shall be conducted, to the extent practicable, so as to prevent inadmissible evidence from being suggested to the jury by any means, such as making statements or offers of proof or asking questions in the hearing of the jury."); Fed. R. Evid. 611(a)(3) ("The court shall exercise reasonable control over the mode . . . of interrogating witnesses . . . so as to . . . protect witnesses from harassment or undue embarrassment.").

At this point, the Government cannot address the merits at length, since the Government does not know the details of the potential cross-examination. However, the Government has no information indicating that any of its witnesses have been convicted of a crime, and therefore the evidence in question presumably relates to other conduct of the witnesses relating to their character for truthfulness. Accordingly, Fed. R. Evid. 608(b) applies. It provides:

> Specific instances of the conduct of a witness, for the purpose of attacking or supporting the witness' character for truthfulness, other than conviction of crime as provided in rule 609, may not be proved by extrinsic evidence. They may, however,

> in the discretion of the court, if probative of truthfulness or untruthfulness, be inquired into on cross-examination of the witness (1) concerning the witness' character for truthfulness or untruthfulness, or (2) concerning the character for truthfulness or untruthfulness of another witness as to which character the witness being cross-examined has testified.

Before the Court can even consider permitting Rule 608(b) cross-examination, the defendants must make a showing that the conduct in question occurred. *See Michelson v. United States*, 335 U.S. 469, 480-81 & n.18 (1948) (district judge acted properly when, "out of presence of the jury . . . [h]e satisfied himself that counsel was not merely taking a random shot at a reputation imprudently exposed or asking a groundless question to waft an unwarranted innuendo into the jury box"); *United States v. Ndiaye*, 434 F.3d 1270, 1290 (11th Cir.) ("The Government must have a good faith basis for the instances of conduct inquired about . . . ."), *cert. denied*, 127 S. Ct. 128 (2006); *United States v. Crutchfield*, 26 F.3d 1098, 1102 & n.7 (11th Cir. 1994) (Rule 608(b) cross-examination was improper when prosecutor lacked good faith basis for questions and never substantiated underlying facts to the court.); *United States v. Crippen*, 570 F.2d 535, 538 (5th Cir. 1978) (before allowing cross-examination under Rule 608(b), "the trial judge made certain that there was a factual basis for the attempted impeachment"). Therefore, the Court should first require the defendant to demonstrate that the alleged conduct occurred. The Government is not suggesting a mini-trial with live evidence; however, at a minimum the Court should require the defendant to proffer the documents and/or witness statements that would show that defendant could introduce competent evidence to prove the underlying facts. If in fact defendant has nothing more than rumor or hearsay, the Court should preclude the cross-examination.

Even if the defendant establishes a factual basis for the impeachment, the conduct must be "probative of truthfulness or untruthfulness." Fed. R. Evid. 608(b). "Acts probative of

untruthfulness under Rule 608(b) include such acts as forgery, perjury, and fraud." *Ad-Vantage Telephone Directory Consultants, Inc. v. GTE Directories Corp.*, 37 F.3d 1460, 1463 (11th Cir. 1994); *accord United States v. Novation*, 271 F.3d 968, 1006 (11th Cir. 2001). While bankruptcy *fraud* would qualify, merely "seeking discharge in bankruptcy does not show a disregard for truth that would cast doubt on a witness's veracity." *Ad-Vantage*, 37 F.3d at 1464. Mere unethical conduct is also insufficient. *See id.* (holding that fact that expert accounting witness had "borrow[ed] from his clients, while ethically questionable, is . . . irrelevant to his truthfulness as an expert").

Finally, even if the conduct would tend to prove the witness's character for truthfulness, the Court must still determine whether the conduct's relevance is substantially outweighed by the possibility of unfair prejudice. *See Novation*, 271 F.3d at 1006-07 (district court did not abuse its discretion in finding that relevance of misconduct charges against testifying law enforcement officers was outweighed by its prejudicial nature); *Ad-Vantage*, 37 F.3d at 1464-65 (trial judge erred in failing to *prohibit* cross-examination of accountant concerning (a) allegation of forgery that resulted in no sanctions, and (b) allegation of overreliance on partner's work that resulted in sanctions more than twenty years before trial testimony).

Therefore, the Government requests that the Court hold a hearing prior to the cross-examination of its witnesses concerning any potential examination regarding acts of misconduct.

### III. THE COURT SHOULD PRECLUDE ANY EVIDENCE OF ANY WILLINGNESS BY THE DEFENDANTS TO TAKE A POLYGRAPH EXAMINATION

As noted above in the statement of facts, the discussions relating to the possible taking of a polygraph examination were quite abbreviated. However, any evidence concerning such the possibility of such an examination should be excluded. *See United States v. Vigliatura*, 878 F.2d

1346, 1349 (11th Cir. 1989) ("A witness's or defendant's willingness to submit to a polygraph examination is inadmissible to prevent the improper bolstering of credibility.").[1]

## CONCLUSION

For the reasons set forth above, the United States requests that the Court grant its Motion in Limine.

Respectfully submitted this the 22nd day of December, 2006.

>LEURA G. CANARY
>UNITED STATES ATTORNEY
>
>s/Andrew O. Schiff
>ANDREW O. SCHIFF
>Assistant United States Attorney
>One Court Square, Suite 201
>Montgomery, AL 36104
>Phone: (334) 223-7280
>Fax: (334) 223-7135
>E-mail: andrew.schiff@usdoj.gov
>Bar ID 43641

---

[1] *Accord United States v. Russo*, 796 F.2d 1443, 1452-53 (11th Cir. 1986); *United States v. Hilton*, 772 F.2d 783, 785 (11th Cir. 1985); *United States v. Phillips*, 664 F.2d 971, 1028 (5th Cir. Unit B Dec. 28, 1981); *United States v. Martino*, 648 F.2d 367, 389 (5th Cir. June 19, 1981).

IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR. NO.  2:06cr202-WKW |
| | ) | |
| EUGENE CLECKLER and | ) | |
| KIM CLECKLER | ) | |

### CERTIFICATE OF SERVICE

I hereby certify that on December 22, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: George Beck, Esq., and Ronald Brunson, Esq.

      Respectfully submitted,

      s/Andrew O. Schiff
      ANDREW O. SCHIFF
      Assistant United States Attorney
      One Court Square, Suite 201
      Montgomery, AL 36104
      Phone: (334) 223-7280
      Fax: (334) 223-7135
      E-mail: andrew.schiff@usdoj.gov
      Bar ID 43641