IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | ) |
| | ) |
| vs. | ) CASE NO.: 2:06-CR-00202-WKW |
| | ) |
| **EUGENE L. CLECKLER** | ) |

### EUGENE CLECKLER'S RESPONSE TO MOTION IN LIMINE

COMES NOW Eugene L. Cleckler, and hereby responds to the government's motion in limine to limit the defendant's cross-examination of its witnesses. The government's motion is due to be denied based on the following:

1.   The government moves the court to limit cross-examination regarding the polygraph discussions between counsel. The defendant does not intend to reference the subject of polygraph at all.

2.   The government moves the court to limit cross-examination of its witnesses "regarding conduct unrelated to the events in question." The defendant intends to cross examine the government's witnesses concerning the issues directly related to the events in question.

Cross-examination may be used to break down the testimony of the direct examination, to affect the credibility of the witness, or to show bias or motive to lie. *Olden v. Kentucky,* 488 U.S. 227 (1988). Restrictions on the defendant's right to cross-examine, may be violative of his Sixth Amendment right to confront the

witnesses against him. *U.S. v. Croucher,* 532 F.2d 1042, 1044 (5th Cir. 1976). It has been held reversible error to deny wide latitude in cross-examination when the testimony of an accomplice is involved. *U.S. v. Wolfson,* 437 F.2d 862, 874 (2nd Cir. 1970).

The government recognizes in its limine motion that *Fed.R.Evid. 608(b)* also provides proper cross-examination of a witness, "if probative for truthfulness or untruthfulness." The defendant intends to challenge the credibility and bias of each government witness but does not intend, at this time, to question the witnesses about extrinsic bad acts unless those matters become relevant at trial. If and when those matters become relevant, whatever they may be, the defendant should be allowed cross-examine the respective witness on those subjects.

The defendant therefore requests the Court to deny the government's pretrial motion in limine and to consider the defendant's latitude of cross-examination on the basis of the government's direct testimony at trial.

Respectfully submitted, this the 5th day of January, 2007.

                                      s/ Ronald R. Brunson
                                      RONALD R. BRUNSON 1696
                                      ATTORNEY FOR EUGENE L. CLECKLER
                                      2126 Morris Avenue
                                      Birmingham, Alabama 35203
                                      (205) 252-2100

## CERTIFICATE OF SERVICE

  I hereby certify that on January 5th, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

Andrew O. Schiff, Esq., Assistant U.S. Attorney
201 One Court Square
Post Office Box 197
Montgomery, AL  36101-0197
Andrew.schiff@usdoj.gov, Debbie.shaw@usdoj.gov

George L. Beck, Jr., Esq.
Terrie S. Biggs, Esq.
CAPELL & HOWARD, P.C.
150 South Perry Street
Post Office Box 2069
Montgomery, Alabama  36102-2069
glb@chlaw.com tsb@chlaw.com


          s/ Ronald R. Brunson
          RONALD R. BRUNSON