IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | CR. NO. 2:06cr202-WKW |
| ) | |
| EUGENE CLECKLER and ) | |
| KIM CLECKLER ) | |

**UNITED STATES' MOTION IN LIMINE (CRIMINAL CONVICTIONS)**

Comes now the United States of America, by and through Leura G. Canary, United States Attorney for the Middle District of Alabama, and hereby moves in limine as follows.

**I.  STATEMENT OF FACTS**

In pretrial interviews over the last two days, two of the Government's witness–both former employees of the defendants' business–have disclosed certain criminal history, as follows:

**A.  Rhonda Howard**

On January 5, 2007, Ms. Howard advised that in September 1996, she pled guilty in South Carolina to passing bad checks and was sentenced to time served, 13 days. She was not sure whether this constituted a felony or a misdemeanor. However, based on the offense conduct–Ms. Howard advised that it involved about $600 worth of checks–the Government believes the offense would be a misdemeanor. *See* S.C. St. § 34-11-60 (bad check statute); § 16-1-100 (classifying violation involving checks over $200 as Class A misdemeanor); § 16-1-90 (classifying violation involving checks over $1000 as Class E felony).

**B.  Terry Mezzell**

On January 3, 2007, Mr. Mezzell disclosed that he had an arrest record. Based on his statement and additional documents obtained by the Government, the Government believes that his

criminal history consists of the following:

    1.    A conviction in Chilton County related to possession of a firearm without a serial number. Mr. Mezzell remembered this as being a felony conviction. However, neither of the record checks that the Government ran had a record of this.

    2.    On January 29, 2001, in Jefferson County:

        a.    a felony conviction for possession/receipt of a controlled substance (offense date 4/14/1999), and

        b.    a misdemeanor conviction for possession of marijuana, second degree (offense date 4/12/1999).

    3.    On October 4, 2004, in Bibb County, a misdemeanor conviction for possession of marijuana, second degree (offense date 7/23/2003).

## II. ARGUMENT

With respect to Ms. Howard, assuming the Government's recitation of the facts is correct, the conviction would not be admissible. Because the South Carolina statute requires proof of intent to defraud, the Government agrees that the conviction is not excludable solely on the basis that it is a misdemeanor. *See* Fed. R. Evid. 609(a)(2). However, the conviction is inadmissible because Ms. Howard was convicted (and released from jail) more than ten years ago. *See* Fed. R. Evid. 609(b) (conviction more than 10 years old admissible only if "the court determines, in the interests of justice, that the probative value of the conviction supported by specific facts and circumstances substantially outweighs its prejudicial effect"). Rule 609(b) creates a "strong presumption" against the use of old convictions, and such convictions will be admitted "only very rarely." *United States v. Pope*, 132 F.3d 684, 687 (11th Cir. 1998). Defendants cannot make the required showing for

admission under Rule 609(b), and therefore defendants should not be allowed to use the conviction to impeach Ms. Howard.

With respect to Mezzell, the Government does not dispute the admissibility for impeachment purposes of his January 29, 2001 felony conviction for possession/receipt of a controlled substance. However, his misdemeanor marijuana possession convictions are inadmissible, since they do not involve dishonesty or false statement under Rule 609(a)(2). *See United States v. Galati*, 230 F.3d 254, 262 n.5 (7th Cir. 2000) (drug possession was not crime of dishonesty); *United States v. Sellers*, 906 F.2d 597, 603 (11th Cir. 1990) ("[C]rimes such as theft, robbery, or shoplifting do not involve "dishonesty or false statement" within the meaning of Rule 609(a)(2)."). Moreover, the firearm conviction Mezzell described is more than ten years old and cannot satisfy the test for admissibility under Rule 609(b).

## CONCLUSION

For the reasons set forth above, the United States requests that the Court grant its Motion in Limine and restrict the use of prior convictions for impeachment to Mezzell's felony conviction for receipt of a controlled substance.

Respectfully submitted this the 5th day of January, 2007.

    LEURA G. CANARY
    UNITED STATES ATTORNEY

    s/Andrew O. Schiff
    ANDREW O. SCHIFF
    Assistant United States Attorney
    One Court Square, Suite 201
    Montgomery, AL 36104
    Phone: (334) 223-7280
    Fax: (334) 223-7135
    E-mail: andrew.schiff@usdoj.gov
    Bar ID 43641

IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.      ) | CR. NO. 2:06cr202-WKW |
| ) | |
| EUGENE CLECKLER and ) | |
| KIM CLECKLER  ) | |

### CERTIFICATE OF SERVICE

I hereby certify that on January 5, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: George Beck, Esq., and Ronald Brunson, Esq.

Respectfully submitted,

s/Andrew O. Schiff
ANDREW O. SCHIFF
Assistant United States Attorney
One Court Square, Suite 201
Montgomery, AL 36104
Phone: (334) 223-7280
Fax: (334) 223-7135
E-mail: andrew.schiff@usdoj.gov
Bar ID 43641