# IN THE UNITED STATES DISTRICT COURT FOR
## THE MIDDLE DISTRICT OF ALABAMA
### NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR. NO. 2:06cr202-WKW |
| | ) | |
| EUGENE CLECKLER and | ) | |
| KIM CLECKLER | ) | |

## UNITED STATES' MOTION TO ENFORCE SUBPOENA ISSUED TO BRADLEY ARANT ROSE & WHITE LLP

The United States of America, by Leura G. Canary, United States Attorney (the "Government"), hereby moves to enforce a trial subpoena issued to Bradley Arant Rose & White LLP (the "Firm").[1]

## I.    STATEMENT OF FACTS

At a hearing on this issue, the Government would be prepared to prove the following:

In 1996, the Internal Revenue Service ("IRS") began auditing the 1994 and 1995 tax returns Eugene Cleckler ("Eugene"), Kim Cleckler ("Kim," and, together with Eugene, the "Clecklers") Gene's Marine Sales ("Gene's"), and Ezy-Ryder, Inc. ("Ezy," and, together with the Clecklers and Gene's, the "Client"). Gene's (a partnership owned by the Clecklers) and Ezy (a corporation owned by Eugene) were in the business of selling and repairing boats. The audit was assigned to Revenue Agent Frank Brand.

In February 1999, Brand advised the Client of proposed adjustments to the returns. At issue here is the adjustment shifting to Gene's certain revenue that Ezy had declared on its tax returns, thus increasing Gene's taxes. Because Gene's was a partnership, the tax consequences would have

---

[1]On Saturday, January 6, 2007, the Firm served and filed in the "night filing" box a Motion to Quash the subpoena. The instant Motion is intended as a response to the Motion to Quash. Because the Motion to Quash was not filed electronically, the Government is attaching hereto as Exhibit A a copy of that Motion.

flowed through to the Clecklers. Brand's theory was that certain deposits into an Ezy bank account actually represented sales by Gene's.

In Spring 1999, the Clients hired attorney Edward Selfe of the Firm to represent them in the audit. In October 1999, Selfe wrote to the IRS, taking issue with the proposed adjustments and requesting that an IRS appeals officer consider the issue. In February 2000, the appeals officer returned to the matter to Brand for further review.

One way that the Client could challenge the proposed adjustment would be to demonstrate that the deposits in question represented sales by Ezy. Selfe asked Eugene if Ezy had sales to third parties (as opposed to sales to the related party Gene's). Eugene lied to Selfe, telling Selfe that there were such sales, when in fact there were not. Selfe told Eugene that it would be helpful if they could document such sales.

Eugene (with the assistance and participation of Kim) put his employees to work on a document creation project, having them alter deposit tickets and create invoices out of whole cloth purporting to show sales transactions that in fact never occurred. These deposit tickets and invoices were produced to Brand beginning in August 2000.

When Brand received the first batch of false documentation, he challenged Selfe, asking why such documents had never been produced before and requesting further back-up. Selfe reported this to Eugene, who in turn directed an employee to create handwritten job proposals to match the fake invoices already provided. By the end of January 2001, all of the fraudulent invoices, deposit slips, and job proposals had been provided to Brand.

## II.    PROCEDURAL BACKGROUND

During the course of the grand jury investigation, the Government subpoenaed Selfe and the Firm for both testimony and documents.  Although cross-motions to quash and to compel were filed, the parties were able to amicably resolve most issues.  However, the parties litigated on the merits issues related to the scope of Selfe's testimony.  In particular, during his initial deposition,[2] the Clecklers objected to questions related to Selfe's communications with the Clecklers concerning the production of documents.  In moving to compel, the Government argued, among other things, the applicability of the crime-fraud exception to the attorney-client privilege.  Judge Fuller agreed, ruling that "[t]he court finds that the Government has made the showing required to establish the applicability of the crime-fraud exception. . . .  The Government is entitled to have Selfe testify about who he communicated with about the document production and the substance of those communications."  (Order, 7/31/2006)[3]  The Clecklers did not appeal, the Government completed the deposition, and Selfe testified to his communications with Eugene as described above.

## III.    THE FIRM HAS HAS FAILED TO ESTABLISH THE APPLICABILITY OF ANY PRIVILEGE

### A.    The Privilege Log in Question Is Insufficent to Enable the Government to Challenge the Asserted Privilege

"The person invoking the privilege [bears] the burden of proving its existence."  *In re Grand Jury Investigation (Schroeder)*, 842 F.2d 1223, 1226 (11th Cir. 1987); *see also Bogle v. McClure*, 332 F.3d 1347, 1358 (11th Cir. 2003) ("The party invoking the attorney-client privilege has the

---

[2]The Government agreed to take Selfe's testimony in the form of a deposition (rather than grand jury testimony) in order to facilitate the assertion of privileges.  The Clecklers stipulated that the transcript of Selfe's deposition would be treated for evidentiary purposes as if it were grand jury testimony.

[3]A copy of Judge Fuller's Order is attached hereto as Exhibit B.

buden of proving that an attorney-client relationship existed and that the particular communications were confidential."). The normal way of asserting such a privilege is through a privilege log. *See In re Grand Jury Subpoena (Newparent)*, 274 F.3d 563, 575-76 (1st Cir. 2001). Thus, the "party who asserts a claim of privilege [must] do the best that he reasonably can to describe the materials to which his claim adheres." *Id.* at 576.

In this case, the Government seeks handwritten notes dated April 21, 2000 and billing and time entries for the period February 1, 2000 through January 31, 2001 (representing the time the case was returned from the appeals officer to the time the last of the fraudulent documents were produced). With respect to the notes, the Privilege, Work Product, and Redaction Log (the "Log") clams the work product protection, and identifies only the date of the notes and their author, Selfe.[4] With respect to the billing records,[5] the Log claims both attorney-client privilege and work product protection, describing the subject matter of the document as "legal services." These descriptions are clearly insufficient to allow the Government "to assess the applicability of the privilege or protection," *cf.* Fed. R. Civ. P. 26(b)(5), and therefore the Court should enforce the subpoena.

**B.     The Client Cannot Establish the Applicability of the Attorney-Client Privilege**

To demonstrate the applicability of the attorney-client privilege, the Client must establish:

(1)     the asserted holder of the privilege is or sought to become a client;

(2)     the person to whom the communication was made

(a)     is [a] member of a bar of a court, or his subordinate and

---

[4]A copy of the Log is attached hereto as Exhibit C. The April 21, 2000 notes are described in the final entry, Cleckler-0891-0909.

[5]The billing records are described in the Log at Cleckler-0880-0886, although the Government would expect that there would be additional bills for the period in question.

(b)     in connection with this communication is acting as a lawyer;

(3)     the communication relates to a fact of which the attorney was informed

(a)     by his client

(b)     without the presence of strangers

(c)     for the purpose of securing primarily either

(i)     an opinion on law or

(ii)    legal services or

(iii)   assistance in some legal proceeding, and not

(d)     for the purpose of committing a crime or tort; and

(4)     the privilege has been

(a)     claimed and

(b)     not waived by the client.

*In re Grand Jury Proceedings*, 899 F.2d 1039, 1042 (11th Cir. 1990) (citations and quotation omitted).

Here, while the Government concedes that Mr. Selfe was a lawyer, everything else is disputed. By way of example only:

**1.      Selfe's Communications With the Client for Purposes of Gathering Documentation Were Not Made in his Capacity as an Attorney**

Communications with an attorney for purposes of preparing a tax return are not privileged. *See In re Grand Jury Investigation (Schroeder)*, 842 F.2d 1223, 1224 (11th Cir. 1987) (adopting majority rule that "preparation of tax returns does not constitute legal advice within the scope of the privilege"). Thus, information the taxpayer transmits to the lawyer "for the purpose of preparing his

tax returns, including the sources of his income, is not privileged information." *Id.* at 1225.

Depending on the circumstances, this rule can extend to tax audits:

> An audit is both a stage in the determination of tax liability, often leading to the submission of revised tax returns, and a possible antechamber to litigation. *When a revenue agent is merely verifying the accuracy of a return, often with the assistance of the taxpayer's accountant, this is accountants' work and it remains such even if the person rendering the assistance is a lawyer rather than an accountant. . . .* If, however, the taxpayer is accompanied to the audit by a lawyer who is there to deal with issues of statutory interpretation or case law that the revenue agent may have raised in connection with his examination of the taxpayer's return, the lawyer is doing lawyer's work and the attorney-client privilege may attach.

*United States v. Frederick*, 182 F.3d 496, 501 (7th Cir. 1999) (emphasis added).

On the specific matter at issue here–the provision of the Ezy-Ryder documents–the Client was using Selfe to help verify the accuracy of their previously filed returns. Therefore communications with Selfe regarding this subject fall outside the attorney-client privilege.

**2.      The Time and Place of Conversations Between the Client and Selfe is Not Privileged**

The Government does not dispute that in certain circumstances, a time sheet entry could be privileged to the extent it would reveal privileged information. The absence of detail in the Log makes it difficult for the Governement to respond. At a minimum, that documents that would reflect the date, place, and time of meetings or conversations with a client would not be privileged. *See In re Grand Jury Proceedings (Twist)*, 689 F.2d 1351, 1352-53 (11th Cir.1982).

**C.      The Client Cannot Establish the Applicability of the Work Product Protection**

The work product protection applies in criminal litigation. *See United States v. Nobles*, 422 U.S. 225, 236 (1975); *United Kingdom v. United States*, 238 F.3d 1312, 1321 (11th Cir. 2001). The extent of work product protection will depend upon whether the material is "opinion" work product, which enjoys the highest level of production, or other work product, which may be ordered

produced if the party demonstrates a substantial need for the information. *See United Kingdom*, 238 F.3d at 1322. The Log's meager description makes it impossible to tell whether the notes and billing records reflect work product at all, let alone opinion work product. Therefore, since the Client bears the burden of proof on this issue, the Court should enforce the subpoena.

**D.    The Crime-Fraud Exception is Applicable**

Even if the Client could establish that its communications with Selfe would ordinarily be privileged or protected, because the Client used Selfe to provide fraudulent documents to the IRS, the crime-fraud exception to the attorney-client privilege and work product protection[6] is applicable.

Because the attorney-client privilege works to "withhold[] relevant information from the factfinder, it applies only where necessary to achieve its purpose." *Fisher v. United States*, 425 U.S. 391, 403 (1989). Thus, while the attorney-client privilege protects clients who make full disclosure to counsel about "past wrongdoings," the privilege does not apply when the clients utilize the attorney's services in connection with a future or ongoing crime. *United States v. Zolin*, 491 U.S. 554, 562-63 (1989); *see Clark v. United States*, 289 U.S. 1, 15 (1933) ("The privilege takes flight if the relation is abused.").

Courts have consistently found the crime-fraud exception applicable in situations where the attorney unwittingly plays a role in a client's obstruction of a judicial or administrative proceeding. Thus, courts have required attorneys to testify concerning:

- advice to a client relating to a government subpoena for documents, when the client destroyed emails after receiving the attorney's advice, *see In re Grand Jury*

_____

[6] The crime fraud exception "applies to work-product in the same way that it applies to the attorney-client privilege. *Cox v. Administrator United States Steel & Carnegie*, 17 F.3d 1386, 1422 (11th Cir. 1994).

*Investigation, No. 06-1474*, 445 F.3d 266 (3d Cir.), *cert. denied*, 127 S. Ct. 538 (2006),

- false statements by the client to the attorney concerning the location and existence of records responsive to an IRS summons, which false statements the attorney relayed to the IRS, *see United States v. Laurins*, 857 F.2d 529, 540-41 (9th Cir. 1988), and

- the circumstances under which client provided attorney with forged letters that were either submitted or intended to be submitted to the court, *see United States v. Collis*, 128 F.3d 313, 321 (6th Cir. 1997); *Lahr v. State*, 731 N.E.2d 479, 481-84 (Ind. Ct. App. 2000).

The results in these obstruction cases are perfectly consistent with the Eleventh Circuit's two-pronged test for determining the applicability of the crime fraud exception:

First:     there must be a prima facie showing that:

    a. the client was engaged in criminal or fraudulent conduct when he sought the advice of counsel;

    b. the client was planning criminal or fraudulent conduct when he sought the advice of counsel; *or*

    c. the client committed a crime or fraud subsequent to receiving the benefit of counsel's advice.

Second:  there must be a showing that:

    a. the attorney's assistance was obtained in furtherance of the criminal or fraudulent activity; *or*

      b.  the attorney's assistance was closely related to the criminal or fraudulent

        activity.

*See In re Grand Jury (G.J. No. 87-03-A)*, 845 F.2d 896, 897 (11th Cir. 1988); *In re Grand Jury*

*Investigation (Schroeder)*, 842 F.2d 1223, 1226 (11th Cir. 1987).

      Here, the Government has satisfied both elements.  With respect to the first prong, the

Government's burden is to produce "evidence that, if believed by a trier of fact, would establish the

elements of some violation that was ongoing or about to be committed."  *Schroeder*, 842 F.2d at

1226.  Here, the Government's evidence, if believed, would establish that the Client caused false

documents to be submitted to the IRS through Selfe.

      With respect to the second prong, "the requirement that legal advice must be related to the

client's criminal or fraudulent activity should not be interpreted restrictively."  *Id.* at 1227.

Moreover, the determination of whether the second prong is satisfied "must take into account that

the government does not know precisely what the material will reveal or how useful it will be." *Id.*

Here, the Client produced fraudulent documents to the IRS using Selfe as a conduit.  All billing

entries and notes related to the subject of the sales by Ezy and the records that would document such

sales would therefore be related to the criminal activity.  Accordingly, the Government has made the

showing required to establish the applicability of the crime-fraud exception, and the Court enforce

the subpoena.

## <u>CONCLUSION</u>

For the reasons set forth above, the United States requests that the Court grant its motion to enforce the subpoena and deny the Firm's Motion to Quash.

Respectfully submitted this the 8th day of January, 2007.

> LEURA G. CANARY
> UNITED STATES ATTORNEY
>
> s/Andrew O. Schiff
> ANDREW O. SCHIFF
> Assistant United States Attorney
> One Court Square, Suite 201
> Montgomery, AL 36104
> Phone: (334) 223-7280
> Fax: (334) 223-7135
> E-mail: andrew.schiff@usdoj.gov
> Bar ID 43641

**IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR. NO.  2:06cr202-WKW |
| | ) | |
| EUGENE CLECKLER and | ) | |
| KIM CLECKLER | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that on January 8, 2007, I electronically filed the foregoing with the Clerk of

the Court using the CM/ECF system which will send notification of such filing to the following:

George Beck, Esq., and Ronald Brunson, Esq.  A copy will also be forward by email to: Jack W.

Selden, Esq. and Robert E. Poundstone, IV, Esq.

Respectfully submitted,

s/Andrew O. Schiff
ANDREW O. SCHIFF
Assistant United States Attorney
One Court Square, Suite 201
Montgomery, AL 36104
Phone: (334) 223-7280
Fax: (334) 223-7135
E-mail: andrew.schiff@usdoj.gov
Bar ID 43641

Exhibit A

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | **CASE NO:** |
| | ) | **2:06-cr-202-WKW** |
| EUGENE L. CLECKLER | ) | |
| & KIM CLECKLER | ) | |

## MOTION TO PARTIALLY QUASH SUBPOENA ISSUED TO
## BRADLEY ARANT ROSE & WHITE LLP

Bradley Arant Rose & White LLP ("Movant"), respectfully moves this Court to partially quash the subpoena directed to Movant's Custodian of Records and dated January 4, 2007. As grounds for this motion, Movant state as follows:

1.      Eugene Cleckler and Kim Cleckler (the "Defendants") have been indicted in the United States District Court for the Middle District of Alabama. Movant previously provided legal representation to Eugene Cleckler, Kim Cleckler, Gene's Marine Sales and Ezy-Ryder, Inc. in relation to various tax issues. The legal representation provided by Movant was in anticipation of litigation. Movant adopts and incorporates by reference herein the Affidavit of Edward Selfe, filed previously under seal with this Court.

2.      On or about January 4, 2007, Movant was provided with a subpoena (the "Subpoena") to produce records and to provide testimony on January 8, 2007. A copy of the Subpoena is attached hereto as Exhibit "A". The Subpoena relates expressly to the legal representation provided by the Movant to the Defendants and seeks the production of documents related to the same. Specifically, the Subpoena requests production of the following documents:

   1.      All billing records and time sheet entries for the period February 1, 2000 through January 31, 2001.

1

2. The handwritten notes dated April 21, 2000 as referenced on the Privilege, Work Product and Redaction Log that was served on the Government May 1, 2006.

3. The original documents that were produced to the Firm by or on behalf of the Client, duplicates of which were produced to the Government by the Firm and bates stamped Cleckler-0080 through Cleckler-0343.

3. The Movant will produce any original documents which are in the possession of the Movant, are responsive to request number 3, and are accessible through a reasonably diligent search. However, requests number 1 and 2 of the Subpoena seek materials protected by the attorney client privilege and/or the work product doctrine.

4. The Movant has previously asserted attorney client privilege and work product doctrine protection over the materials sought in requests 1 and 2, and the Government did not challenge the Movant's assertions of such protections. The Movant hereby reasserts the protections of both the attorney-client privilege and work product doctrine, and moves to quash the subpoena as to all documents sought in requests numbers 1 and 2. The Movant has previously provided the United States with a Privilege and Work Product Log ("the Log"). The documents sought in request number 2 were included in the Log, and are protected by the work product doctrine. Further, the billing records protected in request number 1 have already been produced, but were redacted to protect the attorney client privilege and work product protection that are applicable to them. Such billing records remain protected, with the exception of the portions that have already been produced.

5. The attorney-client privilege is held solely by the client, not the attorney, and only the client may waive the privilege. See In re Federal Grand Jury Proceedings, 975 F.2d 1488, 1492 (11th Cir. 1992); U.S. v. Noriega, 917 F.2d 1543, 1551 (11th Cir. 1990). Both the Defendants and Movant hold the work product protections, and either can assert such protection. See In re Grand Jury Proceedings, 604 F.2d

798, 801 (3rd Cir. 1979); <u>In re Special September 1978 Grand Jury (II)</u>, 640 F.2d 49, 63 (7th Cir. 1980); <u>In re Sealed Case</u>, 676 F.2d 793, 809 n.56 (D.C. Cir. 1982).

6.    The Movant's billings, with the exception of those portions that would reveal litigation strategy, the nature and type of services performed, or the substance of attorney-client communications, have already been produced.  To the extent that such billings have not already been produced, they are protected by the attorney client privilege and the work product doctrine.  <u>See</u> <u>United States v. Keystone Sanitation Co.</u>, 885 F. Supp. 672, 675 (M.D. Pa. 1994) (holding that attorney billing statements are protected to the extent that they reveal litigation strategy and/or the nature of services performed); <u>Colonial Gas v. Aetna Cas. And Sur. Co.</u>, 144 F.R.D. 600, 607 (D. Mass. 1992).  All work performed by Movant for the Defendants was performed in anticipation of litigation.

7.    The handwritten notes sought in request 2 are protected by the work product doctrine.  In fact, such notes are at the heart of the protections afforded to attorney's work product.  "Not even the most liberal of discovery theories can justify unwarranted inquiries into the files and the mental impressions of an attorney."  <u>Hickman v. Taylor</u>, 329 U.S. 495, 510 (1947).  Further, except for scientific or medical reports, the Federal Rules of Criminal Procedure do not authorize discovery or inspection of "reports, memoranda, or other documents made by the defendant, or the defendant's attorney or agent, during the case's investigation or defense ... ."  Fed. R. Crim. P. 16.  The notes requested in request 2 were made in anticipation of litigation, and represent the mental impressions of an attorney for the Defendants.  As such, they are protected from discovery.

8.    The Defendants have not waived the attorney-client privilege or the work product protection with respect to the documents sought in request number 1 or 2.

9.    Notwithstanding these objections and motion to partially quash, the Movant will produce those original documents that are responsive to request 3, that remain in the possession of the Movant, and that can be located as the result of a reasonably diligent search.

**WHEREFORE**, the Movant respectfully requests that this motion to partially quash be granted, and that the Court provide such other relief as may be appropriate.

Respectfully submitted,

Robert E. Poundstone, IV (POU006)
Bradley Arant Rose & White LLP
The Alabama Center for Commerce
401 Adams Avenue, Suite 780
Montgomery, AL 36104
Telephone: (334) 956-7700
Facsimile: (334) 956-7701
E-mail: bpoundstone@bradleyarant.com

Jack W. Selden, Esq.
Bradley Arant Rose & White LLP
One Federal Place
1819 Fifth Avenue North
Birmingham, AL 35203-2104
Telephone: (205) 521-8000
Facsimile: (205) 521-8800
E-mail: jselden@bradleyarant.com
ASB-8444-D56J

4

## CERTIFICATE OF SERVICE

I, Jack W. Selden, do hereby certify that on January 6, 2007, I mailed by United States Postal Service and sent by facsimile this document to the following:

Andrew O. Schiff. Esq.
Assistant U.S. Attorney
P.O. Box 197
One Court Square
Suite 201
Montgomery, AL 36101-0197

Ronald Brunson, Esq.
2126 Morris Avenue
Birmingham, AL 35203

George Beck, Esq.
Capell & Howard, P.C.
150 South Perry Street
Montgomery, AL 36104

_____
Of Counsel

5



**U.S. Department of Justice**

*United States Attorney*
*Middle District of Alabama*

---

One Court Square, Suite 201
Post Office Box 197
Montgomery, Alabama 36101-0197

Telephone: 334/223-7280
Fax: 334/223-7560
Fin Lit Fax: 334/223-7201
Civil Fax 334/223-7418
Criminal Fax: 334/223-7135

January 4, 2007

FAX          Telephone: 205-488-6472

### FACSIMILE TRANSMISSION COVER PAGE

TO:    Jack Selden

FROM:    Andrew Schiff

ORGANIZATION:    United States Attorney, Middle District of Alabama
One Court Square, Suite 201, Montgomery, AL 36104
Telephone: 334/223-7280   FAX: 334/223-7560

NO. OF PAGES:    4          (EXCLUDING THIS COVER SHEET)

CONTENTS:    Subpoena and Attachment in U.S. v. Cleckler

NOTE:    If you do not receive the total number of pages indicated, please call the
sending individual listed above.

### PRIVILEGED NOTICE

THE INFORMATION TRANSMITTED IN THIS TELEFAX MAY CONTAIN LEGALLY PRIVILEGED
INFORMATION BELONGING TO THE SENDER. THIS TELEFAX TRANSMISSION OF PRIVILEGED
INFORMATION IS INTENDED TO BE USED ONLY BY THE PERSON OR AGENCY NOTED ABOVE.

IF YOU ARE NOT THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY
DISCLOSURE, COPYING, DISTRIBUTION, OR THE TAKING OF ANY ACTION IN RELIANCE ON
THE INFORMATION CONTAINED IN THIS TELEFAX IS STRICTLY PROHIBITED.

IF YOU HAVE RECEIVED THIS TELEFAX IN ERROR, PLEASE NOTIFY THE SENDER



EXHIBIT
A



**U.S. Department of Justice**

*United States Attorney*
*Middle District of Alabama*

One Court Square, Suite 201          Telephone: 334/223-7280
Post Office Box 197.                       Fax: 334/223-7560
Montgomery, Alabama 36101-0197    Fin Lit Fax: 334/223-7201
                                                 Civil Fax 334/223-7418
                                                 Criminal Fax: 334/223-7135

January 4, 2007

VIA FAX

Jack W. Selden
Bradley Arant Rose & White LLP
One Federal Place
1819 Fifth Avenue North
Birmingham AL 35203-2119

     Re:   **Eugene and Kim Cleckler**

Dear Mr. Selden:

     Pursuant to our conversation of yesterday, I am enclosing a trial subpoena addressed to the Custodian of Records of Bradely Arant.

     Please feel free to call me with any questions or comments.

     Very truly yours,

     LEURA G. CANARY
     United States Attorney

     By:

     ANDREW O. SCHIFF
     Assistant U.S. Attorney

cc via fax:
     George Beck
     Ron Brunson

# *United States District Court*

| MIDDLE | DISTRICT OF | ALABAMA |
|---|---|---|

UNITED STATES OF AMERICA

v.

**EUGENE L. CLECKLER
& KIM CLECKLER**

**SUBPOENA IN A
CRIMINAL CASE**

TO:  Bradley Arant Rose & White LLP
ATTN: Custodian of Records
One Federal Place
1819 Fifth Avenue North
Birmingham, AL 35203-2119

CASE NUMBER: **2:06-cr-202-WKW**

☒   YOU ARE HEREBY COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.  This subpoena shall remain in effect until you are granted leave to depart by the court or by an officer acting on behalf of the court.

| PLACE | | COURTROOM |
|---|---|---|
| Federal Building U.S. Courthouse
One Church Street
Montgomery, Alabama | | 2E |
| | | DATE AND TIME
January 8, 2007
10:00 a.m. |

☒   YOU ARE ALSO COMMANDED to bring with you the following document(s) or object(s):

PLEASE SEE ATTACHMENT.

| U.S. MAGISTRATE JUDGE OR CLERK OF COURT
DEBRA P. HACKETT | | DATE
January 4, 2007 |
|---|---|---|
| (BY) DEPUTY CLERK | | |

ATTORNEYS NAME, ADDRESS AND PHONE NUMBER:
Andrew O. Schiff, AUSA
One Court Square, Suite 201
Montgomery, AL  36104
334/223-7280

## Attachment

In connection with the representation of Eugene Cleckler, Kim Cleckler, Gene's Marine Sales, and Ezy-Ryder, Inc. (collectively, the "Client") by Bradley Arant Rose & White and/or Edward Selfe (collectively, the Firm), produce the following:

1.  All billing records and time sheet entries for the period February 1, 2000 through January 31, 2001.

2.  The handwritten notes dated April 21, 2000 as referenced on the Privilege, Work Product and Redaction Log that was served on the Government May 1, 2006.

3.  The original documents that were produced to the Firm by or on behalf of the Client, duplicates of which were produced to the Government by the Firm and bates stamped Cleckler-0080 through Cleckler-0343.

Exhibit B

IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA

In Re:                              )
GRAND JURY EMPANELED                )    Criminal Miscellaneous No. 972
December 13, 2005                   )
                                    )

## **O R D E R**

It is hereby ORDERED that Government's Motion to Compel Compliance with

Subpoenas filed on May 22, 2006 and supplemented by the Government's Brief in Further

Support of the Government's Motion to Compel Compliance with Subpoena is GRANTED.

The court finds that the Government has made the showing required to establish the

applicability of the crime-fraud exception. Accordingly, the objections to the testimony of

Edward Selfe raised by Eugene Clecker and Kim Clecker are OVERRULED.    The

Government is entitled to have Selfe testify about who he communicated with about the

document production and the substance of those communications.

DONE this the 31st day of July, 2006.


                        _____/s/ Mark E. Fuller_____
                        CHIEF UNITED STATES DISTRICT JUDGE

Exhibit C

# PRIVILEGE, WORK PRODUCT and REDACTION LOG

## Eugene Cleckler, Kim Cleckler, Gene's Marine Sales and Ezy-Ryder, Inc.

### In Re: Grand Jury Subpoena Issued to Bradley Arant Rose & White LLP and Edward M. Selfe

| Bates | Date | From | To | CC | Doc Type | Re: Subject | Privilege Claim |
|---|---|---|---|---|---|---|---|
| Cleckler-0001-0007 | Undated | N/A | N/A | N/A | Handwritten attorney notes (Selfe) | N/A | Attorney Work Product |
| Cleckler-0008-0013 | Undated | N/A | N/A | N/A | Typed calculations with handwritten attorney notes (Selfe) | N/A | Attorney Work Product |
| Cleckler-0014-0017 | Undated | N/A | N/A | N/A | Typed calculations | N/A | Attorney Work Product |
| Cleckler-0018-0019 | 1995 | N/A | N/A | N/A | Typed calculations | N/A | Attorney Work Product |
| Cleckler-0020 | Undated | N/A | N/A | N/A | IRS Form CG-4549, Income Tax Examination Changes form with handwritten attorney notes (Selfe) | N/A | Attorney Work Product |
| Cleckler-0021-0023 | 06/26/01 | Selfe | Brand | N/A | Draft letter | Gene's Marine Sales; EZY-Ryder Corporation; Eugene Cleckler; Kim Cleckler | Attorney Work Product |
| Cleckler-0024 | N/A | N/A | N/A | N/A | F. Brand work paper with handwritten attorney notes (Herren) | 4/21/00 meeting with F. Brand | Attorney Work Product |
| Cleckler-0025 | 08/21/01 | E. Selfe | File | N/A | Memorandum | 6/13/01 meeting with F. Brand and M. Woodall | Attorney Work Product; Attorney/Client Privilege |
| Cleckler-0026 | Undated | N/A | N/A | N/A | Handwritten attorney notes (Herren) | 3/7/00 and 4/21/00 meetings with F. Brand | Attorney Work Product |
| Cleckler-0027-0030 | 09/26/05 | J. Pope | J. Mays | N/A | Memorandum | Summary of file | Attorney Work Product |
| Cleckler-0031-0032 | 10/12/05 | J. Pope | J. Mays | N/A | Memorandum | List of questions pertinent to representation strategy | Attorney Work Product |
| Cleckler-0033-0075 | Undated | N/A | N/A | N/A | Handwritten attorney notes (Pope) | N/A | Attorney Work Product |
| Cleckler-0076-0079 | 11/06/00; 11/07/00 | E. Selfe | G. Cleckler | N/A | Fax cover sheets | N/A | Attorney/Client Privilege |
| Cleckler-0846-0858 | 03/15/00 | G. Cleckler | E. Selfe | N/A | REDACTED BUT PRODUCED: Fax Cover Sheet and fax information on pages transmitted | Transmission of Invoices | Attorney/Client Privilege |

1

1/445151.1

# PRIVILEGE, WORK PRODUCT and REDACTION LOG

Eugene Cleckler, Kim Cleckler, Gene's Marine Sales and Ezy-Ryder, Inc.

In Re: Grand Jury Subpoena Issued to Bradley Arant Rose & White LLP and Edward M. Selfe

| Bates | Date | From | To | CC | Doc Type | Re: Subject | Privilege Asserted |
|---|---|---|---|---|---|---|---|
| Cleckler-0864-0872 Cleckler-0880-0886 | 11/24/99; 05/11/00; 05/26/00 | Bradley Arant | E.Cleckler | N/A | REDACTED BUT PRODUCED: Billing Statements | Legal services | Attorney Work Product; Attorney/Client Privilege |
| Cleckler-0890 | Undated | N/A | N/A | N/A | REDACTED BUT PRODUCED: Copy of three checks with handwritten attorney notes (Selfe) | N/A | Attorney Work Product |
| Cleckler-0891-0909 | 10/99; 11/22/99; 12/21/99; 01/06/00; 01/07/00; 04/21/00; 06/04/01; 07/13/04 | N/A | N/A | N/A | Handwritten attorney notes (Selfe) | N/A | Attorney Work Product |

2