IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CASE NO: |
| | ) | 2:06-cr-202-WKW |
| EUGENE L. CLECKLER | ) | |
| & KIM CLECKLER | ) | |

### MOTION TO PARTIALLY QUASH SUBPOENA ISSUED TO BRADLEY ARANT ROSE & WHITE LLP

Bradley Arant Rose & White LLP ("Movant"), respectfully moves this Court to partially quash the subpoena directed to Movant's Custodian of Records and dated January 4, 2007. As grounds for this motion, Movant state as follows:

1. Eugene Cleckler and Kim Cleckler (the "Defendants") have been indicted in the United States District Court for the Middle District of Alabama. Movant previously provided legal representation to Eugene Cleckler, Kim Cleckler, Gene's Marine Sales and Ezy-Ryder, Inc. in relation to various tax issues. The legal representation provided by Movant was in anticipation of litigation. Movant adopts and incorporates by reference herein the Affidavit of Edward Selfe, filed previously under seal with this Court.

2. On or about January 4, 2007, Movant was provided with a subpoena (the "Subpoena") to produce records and to provide testimony on January 8, 2007. A copy of the Subpoena is attached hereto as Exhibit "A". The Subpoena relates expressly to the legal representation provided by the Movant to the Defendants and seeks the production of documents related to the same. Specifically, the Subpoena requests production of the following documents:

    1. All billing records and time sheet entries for the period February 1, 2000 through January 31, 2001.

1

2. The handwritten notes dated April 21, 2000 as referenced on the Privilege, Work Product and Redaction Log that was served on the Government May 1, 2006.

3. The original documents that were produced to the Firm by or on behalf of the Client, duplicates of which were produced to the Government by the Firm and bates stamped Cleckler-0080 through Cleckler-0343.

3. The Movant will produce any original documents which are in the possession of the Movant, are responsive to request number 3, and are accessible through a reasonably diligent search. However, requests number 1 and 2 of the Subpoena seek materials protected by the attorney client privilege and/or the work product doctrine.

4. The Movant has previously asserted attorney client privilege and work product doctrine protection over the materials sought in requests 1 and 2, and the Government did not challenge the Movant's assertions of such protections. The Movant hereby reasserts the protections of both the attorney-client privilege and work product doctrine, and moves to quash the subpoena as to all documents sought in requests numbers 1 and 2. The Movant has previously provided the United States with a Privilege and Work Product Log ("the Log"). The documents sought in request number 2 were included in the Log, and are protected by the work product doctrine. Further, the billing records protected in request number 1 have already been produced, but were redacted to protect the attorney client privilege and work product protection that are applicable to them. Such billing records remain protected, with the exception of the portions that have already been produced.

5. The attorney-client privilege is held solely by the client, not the attorney, and only the client may waive the privilege. See In re Federal Grand Jury Proceedings, 975 F.2d 1488, 1492 (11th Cir. 1992); U.S. v. Noriega, 917 F.2d 1543, 1551 (11th Cir. 1990). Both the Defendants and Movant hold the work product protections, and either can assert such protection. See In re Grand Jury Proceedings, 604 F.2d

798, 801 (3rd Cir. 1979); In re Special September 1978 Grand Jury (II), 640 F.2d 49, 63 (7th Cir. 1980); In re Sealed Case, 676 F.2d 793, 809 n.56 (D.C. Cir. 1982).

6. The Movant's billings, with the exception of those portions that would reveal litigation strategy, the nature and type of services performed, or the substance of attorney-client communications, have already been produced. To the extent that such billings have not already been produced, they are protected by the attorney client privilege and the work product doctrine. See United States v. Keystone Sanitation Co., 885 F. Supp. 672, 675 (M.D. Pa. 1994) (holding that attorney billing statements are protected to the extent that they reveal litigation strategy and/or the nature of services performed); Colonial Gas v. Aetna Cas. And Sur. Co., 144 F.R.D. 600, 607 (D. Mass. 1992). All work performed by Movant for the Defendants was performed in anticipation of litigation.

7. The handwritten notes sought in request 2 are protected by the work product doctrine. In fact, such notes are at the heart of the protections afforded to attorney's work product. "Not even the most liberal of discovery theories can justify unwarranted inquiries into the files and the mental impressions of an attorney." Hickman v. Taylor, 329 U.S. 495, 510 (1947). Further, except for scientific or medical reports, the Federal Rules of Criminal Procedure do not authorize discovery or inspection of "reports, memoranda, or other documents made by the defendant, or the defendant's attorney or agent, during the case's investigation or defense ... ." Fed. R. Crim. P. 16. The notes requested in request 2 were made in anticipation of litigation, and represent the mental impressions of an attorney for the Defendants. As such, they are protected from discovery.

8. The Defendants have not waived the attorney-client privilege or the work product protection with respect to the documents sought in request number 1 or 2.

9. Notwithstanding these objections and motion to partially quash, the Movant will produce those original documents that are responsive to request 3, that remain in the possession of the Movant, and that can be located as the result of a reasonably diligent search.

**WHEREFORE**, the Movant respectfully requests that this motion to partially quash be granted, and that the Court provide such other relief as may be appropriate.

Respectfully submitted,

/s/ Robert E. Poundstone

Robert E. Poundstone, IV (POU006)
Bradley Arant Rose & White LLP
The Alabama Center for Commerce
401 Adams Avenue, Suite 780
Montgomery, AL 36104
Telephone: (334) 956-7700
Facsimile: (334) 956-7701
E-mail: bpoundstone@bradleyarant.com

Jack W. Selden, Esq.
Bradley Arant Rose & White LLP
One Federal Place
1819 Fifth Avenue North
Birmingham, AL 35203-2104
Telephone: (205) 521-8000
Facsimile: (205) 521-8800
E-mail: jselden@bradleyarant.com
ASB-8444-D56J

## CERTIFICATE OF SERVICE

I, Jack W. Selden, do hereby certify that on January 6, 2007, I mailed by United States Postal Service and sent by facsimile this document to the following:

Andrew O. Schiff. Esq.
Assistant U.S. Attorney
P.O. Box 197
One Court Square
Suite 201
Montgomery, AL 36101-0197

Ronald Brunson, Esq.
2126 Morris Avenue
Birmingham, AL 35203

George Beck, Esq.
Capell & Howard, P.C.
150 South Perry Street
Montgomery, AL 36104

_____
Of Counsel



**U.S. Department of Justice**

*United States Attorney*
*Middle District of Alabama*

---

One Court Square, Suite 201         Telephone: 334/223-7280
Post Office Box 197                 Fax: 334/223-7560
Montgomery, Alabama 36101-0197      Fin Lit Fax: 334/223-7201
                                    Civil Fax 334/223-7418
                                    Criminal Fax: 334/223-7135

January 4, 2007

**FAX**        Telephone: 205-488-6472

## FACSIMILE TRANSMISSION COVER PAGE

**TO:** Jack Selden

**FROM:** Andrew Schiff

**ORGANIZATION:** United States Attorney, Middle District of Alabama
One Court Square, Suite 201, Montgomery, AL 36104
Telephone: 334/223-7280   FAX: 334/223-7560

**NO. OF PAGES:** 4    (EXCLUDING THIS COVER SHEET)

**CONTENTS:** Subpoena and Attachment in U.S. v. Cleckler

**NOTE:** If you do not receive the total number of pages indicated, please call the sending individual listed above.

### PRIVILEGED NOTICE

THE INFORMATION TRANSMITTED IN THIS TELEFAX MAY CONTAIN LEGALLY PRIVILEGED INFORMATION BELONGING TO THE SENDER. THIS TELEFAX TRANSMISSION OF PRIVILEGED INFORMATION IS INTENDED TO BE USED ONLY BY THE PERSON OR AGENCY NOTED ABOVE.

IF YOU ARE NOT THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISCLOSURE, COPYING, DISTRIBUTION, OR THE TAKING OF ANY ACTION IN RELIANCE ON THE INFORMATION CONTAINED IN THIS TELEFAX IS STRICTLY PROHIBITED.

IF YOU HAVE RECEIVED THIS TELEFAX IN ERROR, PLEASE NOTIFY THE SENDER



Exhibit A



# U.S. Department of Justice

**United States Attorney**
**Middle District of Alabama**

One Court Square, Suite 201  Telephone: 334/223-7280
Post Office Box 197  Fax: 334/223-7560
Montgomery, Alabama 36101-0197  Fin Lit Fax: 334/223-7201
  Civil Fax 334/223-7418
  Criminal Fax: 334/223-7135

January 4, 2007

VIA FAX

Jack W. Selden
Bradley Arant Rose & White LLP
One Federal Place
1819 Fifth Avenue North
Birmingham AL 35203-2119

    Re:   **Eugene and Kim Cleckler**

Dear Mr. Selden:

    Pursuant to our conversation of yesterday, I am enclosing a trial subpoena addressed to the Custodian of Records of Bradely Arant.

    Please feel free to call me with any questions or comments.

                            Very truly yours,

                            LEURA G. CANARY
                            United States Attorney

                    By: _____
                            ANDREW O. SCHIFF
                            Assistant U.S. Attorney

cc via fax:
    George Beck
    Ron Brunson

# United States District Court

**MIDDLE** DISTRICT OF **ALABAMA**

| | |
|---|---|
| UNITED STATES OF AMERICA<br>v.<br>**EUGENE L. CLECKLER**<br>**& KIM CLECKLER**<br><br>TO:  Bradley Arant Rose & White LLP<br>      ATTN: Custodian of Records<br>      One Federal Place<br>      1819 Fifth Avenue North<br>      Birmingham, AL 35203-2119 | **SUBPOENA IN A**<br>**CRIMINAL CASE**<br><br>CASE NUMBER: 2:06-cr-202-WKW |

☒ YOU ARE HEREBY COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case. This subpoena shall remain in effect until you are granted leave to depart by the court or by an officer acting on behalf of the court.

| PLACE | COURTROOM |
|---|---|
| Federal Building U.S. Courthouse<br>One Church Street<br>Montgomery, Alabama | 2E |
| | DATE AND TIME<br>January 8, 2007<br>10:00 a.m. |

☒ YOU ARE ALSO COMMANDED to bring with you the following document(s) or object(s):

PLEASE SEE ATTACHMENT.

| U.S. MAGISTRATE JUDGE OR CLERK OF COURT<br>DEBRA P. HACKETT<br><br>(BY) DEPUTY CLERK | DATE<br>January 4, 2007 |
|---|---|

ATTORNEY'S NAME, ADDRESS AND PHONE NUMBER:
Andrew O. Schiff, AUSA
One Court Square, Suite 201
Montgomery, AL 36104
334/223-7280

### Attachment

In connection with the representation of Eugene Cleckler, Kim Cleckler, Gene's Marine Sales, and Ezy-Ryder, Inc. (collectively, the "Client") by Bradley Arant Rose & White and/or Edward Selfe (collectively, the Firm), produce the following:

1. All billing records and time sheet entries for the period February 1, 2000 through January 31, 2001.

2. The handwritten notes dated April 21, 2000 as referenced on the Privilege, Work Product and Redaction Log that was served on the Government May 1, 2006.

3. The original documents that were produced to the Firm by or on behalf of the Client, duplicates of which were produced to the Government by the Firm and bates stamped Cleckler-0080 through Cleckler-0343.