IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | |
| v.     ) | CR. NO. 2:06-CR-202-WKW |
| ) | |
| **EUGENE L. CLECKLER and** ) | |
| **KIM CLECKLER** ) | |
| ) | |

## Brief Regarding Admissibility of Certain Documents

Yesterday, January 10, 2006, the United States moved for the admission of four documents, which were marked as Government's exhibits 10, 12, 25, and 101. Exhibits 10 and 12 are redacted activity records of IRS Auditing Agent Frank Brand. Exhibit 25 is Brand's workpaper regarding a calculation of the unreported income of Gene's Marine. Exhibit 101 is a report regarding the audit, which Brand prepared before sending the case to the IRS auditing appellate division. The United States take this opportunity to brief the Court on its position on the admissibility of these documents.

These documents should be admitted. The are probative of material issues in this case. They are an admissible as an exception to the hearsay rule under Fed. R. Evid. 803(8). Rule 803(8) permits the introduction of various types of public records, including records that are made pursuant to a duty imposed by law. Agent Brand testified that he made these records pursuant to his duties as an IRS agent and that he is required to make these reports.

Defendants have argued that because Agent Brand testified that the documents are not subject to public disclosure, they should be considered "nonpublic" and therefore inadmissible under this Rule. This is not correct. While the Eleventh Circuit has not addressed this exact issue, Courts in other Circuits have noted that "official IRS documents, even if generated by a computer, are admissible as public records under Federal Rule of Evidence 803(8)."[1]

The public/private distinction only applies to whether the person is working for the public in their official capacity. As this Circuit has noted, "[t]his hearsay exception is designed to allow admission of official records and reports prepared by an agency or government office for purposes independent of specific litigation."[2] In contrast, a public official's "personal statements" are inadmissible.[3] Courts have indicated that those documents lack the same of trustworthiness which would prevent "admission of litigation-oriented statements."[4]

---

[1] *United States v. Childress*, 24 Fed.Appx. 139, 142 (4th Cir. 2001) (citing to *Hughes v. United States,* 953 F.2d 531, 539 (9th Cir.1992) (holding that Forms 4340 fall within the public records exception to the hearsay rule)); *see also United States v. Gabel*, 73 Fed.Appx. 310, 311 (9th Cir. 2003). Moreover, in an analogous situation, the Eleventh Circuit noted that similar EEOC reports may admissible, depending on their relevance. *Barfield v. Orange County*, 911 F.2d 644, 649 -50 (11th Cir. 1990).

[2] *United States v. Stone*, 604 F.2d 922, 925 -926 (C.A.Fla., 1979) (citing *Ellis v. Capps*, 500 F.2d 225, 226 n.1 (5th Cir. 1974) (allowing admission of official records compiled in prison's "regular course of business"); *United States v. Newman*, 468 F.2d 791, 795-96 (5th Cir 1972) (same).

[3] *Stone*, 604 F.2d at 926.

[4] *Id.*

This only makes sense when one considers the rational for the public records exception: "The rationale which underlies all of the public document exceptions to the hearsay rules is that statements made by public officials in the discharge of their duties are generally trustworthy."[5]  Thus, these documents should be admitted.  They are probative documents of material issues in this case and their admissibility is an exception to the hearsay rule.

Respectfully submitted this 11th day of January, 2006,

                                    LEURA G. CANARY
                                    United States Attorney

                                    /s/ Christopher A. Snyder
ANDREW O. SCHIFF                    CHRISTOPHER A. SNYDER
Deputy Chief, Criminal Division     Assistant United State Attorney
One Court Square, Suite 201         One Court Square, Suite 201
Montgomery, AL 36104                Montgomery, AL 36104
Phone: (334) 223-7280               Phone: (334) 223-7280
Fax: (334) 223-7135                 Fax: (334) 223-7135
E-mail: andrew.schiff@usdoj.gov     E-mail: christopher.a.snyder@usdoj.gov

---

[5] *United States v. Lee*, 589 F.2d 980, 988 (9th Cir. 1979)

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | CR. NO.  2:06-CR-202-WKW |
| ) | |
| EUGENE L. CLECKLER and ) | |
| KIM CLECKLER ) | |
| ) | |

Certificate of Service

I hereby certify that on January 11, 2006, I electronically filed the foregoing with the Clerk of Court, using the CM/ECF system, which will send notification of such filing to all attorneys of record.

Respectfully submitted,

LEURA G. CANARY
UNITED STATES ATTORNEY

/s/ Christopher A. Snyder
CHRISTOPHER A. SNYDER
Assistant United State Attorney
One Court Square, Suite 201
Montgomery, AL 36104
Phone: (334) 223-7280
Fax: (334) 223-7135
E-mail: christopher.a.snyder@usdoj.gov

ANDREW O. SCHIFF
Deputy Chief, Criminal Division
One Court Square, Suite 201
Montgomery, AL 36104
Phone: (334) 223-7280
Fax: (334) 223-7135
E-mail: andrew.schiff@usdoj.gov

4