IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | ) |
| | ) |
| vs. | ) CASE NUMBER: 2:06-CR-00202-WKW |
| | ) |
| **EUGENE L. CLECKLER** | ) |

## MOTION FOR NEW TRIAL

Eugene L. Clecker, after being convicted by jury trial on January 12, 2007, hereby moves this honorable Court to vacate said judgment of conviction and pursuant to *Fed. R. Crim. P. 33*, in the interests of justice, order a new trial. In support of this motion, the following is shown to the Court:

1. <u>The Court failed to declare a mistrial based on the government's failure to disclose critical impeachment information regarding the two key government witnesses, Cleveland Brown and Tanya Morris.</u>

The government violated the Court's standing discovery order by failing to disclose explicit immunity agreements with both witnesses/coconspirators, Brown and Morris. Even after the defense asked specifically about the understanding, the prosecutor denied any agreement discussions whatsoever. Tanya Morris testified at trial that she asked the agents about her exposure at the very onset of her discussions and was told by the agents that she would not be prosecuted. Brown

stated he was told that he would be only a "witness." The prosecutor denied all promises of immunity.

The question of coconspirator immunity was obvious to the prosecution of this case. The witness motivation to testify was a critical factor in examining the credibility of both Brown and Morris. The prosecutor had a duty to ask the agents and both had a duty to disclose all understandings, especially involving such key witnesses. *United States v. Auten,* 632 F2d 478 (5th Cir. 1980).

The information was not provided in time for effective use at trial. *United States v. O'Keefe,* 128 F3d 885, 898 (5th Cir. 1997), *cert. denied,* 118 S.Ct. 1528 (1998). The disclosure was required before trial for effective use in opening statements and cross-examination. However, the information was developed at trial as a surprise element stumbled upon at the end of the Morris cross-examination. Moreover, the agents withheld critical interview information from the Morris witness interview memorandum, as if to attempt to mislead the defendants.

The government withheld critical impeachment information that impacted the overall outcome of the trial.

2. <u>Protected privileged attorney-client communications and attorney work product were ordered revealed outside the scope of the crime-fraud exception.</u>

The Court ordered Ed Selfe, Eugene Cleckler's attorney, to reveal attorney

work product that pre-dated and did not pertain to the false document crime. The Court ordered Selfe to testify about all facets of the IRS audit even though none of his representation prior to 2000 was not in furtherance of the fraud allegations. *See In re Grand jury Investigation,* 842 F2d 1223 (11th Cir. 1987). For at least one year prior to the commencement of any alleged crime, Selfe provided legal tax advice and strategy that should have been protected from public disclosure. *In re Subpoena Duces Tecum,* 7312 F2d 1032, 1037 (11th Cir. 1984).

3.  <u>The Court improperly admitted into evidence over the defendant's objections, certain audit reports containing repetitive prejudicial hearsay observations and conclusions of the IRS auditor.</u>

The Court admitted the IRS auditor's reports that contained hearsay statements of the accountants and others that otherwise, would not have been allowed. Such reports had the effect of bolstering the otherwise questionable collective memory of the hearsay witnesses without the potential of confrontation. Particularly, Government Exhibit 24 was the auditor's memorandum that relied completely on facts that Janice Hull provided him. Even if the testimony had been admitted under some other hearsay exception theory, there was no basis whatsoever to admit the report itself into evidence and allow it to go to the jury.

Wherefore, premises considered, Defendant Eugene Cleckler respectfully moves this Court to order a new trial of this cause.

Respectfully submitted, this the 17th day of January, 2007.

s/ Ronald R. Brunson
RONALD R. BRUNSON 1696
2126 Morris Avenue
Birmingham, Alabama 35203
(205) 252-2100

## CERTIFICATE OF SERVICE

I hereby certify that on December 17th, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

Andrew O. Schiff, Esq., Assistant U.S. Attorney
201 One Court Square
Post Office Box 197
Montgomery, AL  36101-0197
Andrew.schiff@usdoj.gov, Debbie.shaw@usdoj.gov

                    s/ Ronald R. Brunson
                    RONALD R. BRUNSON