IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | |
| v. | § § | CR. NO. 2:06cr202-WKW |
| EUGENE CLECKLER | § | |

**GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION FOR NEW TRIAL**

Comes now the United States of America, by and through Leura G. Canary, United States Attorney for the Middle District of Alabama, and hereby responds to Defendant's motion for new trial as follows.

**I.   IMPEACHMENT**

Cleckler argues a new trial is necessary because the Government supposedly failed to disclose "explicit immunity agreements" between the Government and Cleveland Brown and Tanya Morris. This claim fails for two reasons: first, the information in the Government's possession was not required to be disclosed. Second, the information was revealed during the trial, and Cleckler cannot demonstrate prejudice from the delay.

During the trial, Morris testified that before she went to be interviewed by Agent Clark, Brown told her that she would not be prosecuted. She also said that when she met with Agent Clark, he confirmed that she would not be prosecuted. Brown testified that he had no immunity agreement, but he repeatedly referred to his status as "witness." Agent Clark testified that he told Morris after the interview that because he had not administered the IRS "non-custodial" advice of rights, he would not be permitted to use her statement against her. In addition, the Government proffered that Agent Clark told Morris something

along the lines that lower level employees that do not personally benefit are not normally prosecuted in these circumstances.[1]

### A.    The Information Was Not *Giglio* Material

In *United States v. Giglio*, 405 U.S. 150 (1971), the Court held that the Government was obligated to disclose the fact that a prosecutor had promised a witness who was also a co-conspirator that he would not be prosecuted if he testified before the grand jury and at trial. The Court stated: "[E]vidence of any understanding or agreement as to a future prosecution would be relevant to [the witness's] credibility and the jury was entitled to know of it." *Id.* at 154.

The Eleventh Circuit has addressed the issue of exactly what types of agreements must be disclosed:

> [A] promise in [the *Giglio*] context is not a word of art that must be specifically employed. And, even mere "advice" by a prosecutor concerning the future prosecution of a key government witness may fall into the category of discoverable evidence.
>
> But not everything said to a witness or to his lawyer must be disclosed. . . . Some promises, agreements, or understanding do not need to be disclosed, because they are too ambiguous, or too loose or of too marginal a benefit to the witness to count.

*Tarver v. Hopper*, 169 F.3d 710, 717 (11th Cir. 1999) (quotations and citations omitted). In *Tarver*, the court held that the prosecutor's statement to defense counsel that the witness's testimony would be "taken into consideration" was "too preliminary and ambiguous to demand disclosure." *Id.*; *see also Depree v. Thomas*, 946 F.2d 784, 797 (11th Cir. 1991)

---

[1] The Government does not recall Agent Clark being asked about any discussions with Brown about this subject. The Government proffers that Agent Clark would testify that he did not discuss with Brown any issues relating to whether or not Brown would be prosecuted.

(prosecutor and detective told witness that they would "take care of" him; disclosure not required because statement was "ambiguous" and was not a "promise[] that the witness would, in fact, receive more favorable treatment"); *McCleskey v. Kemp*, 753 F.2d 877, 884 (11th Cir. 1985) (state not required to disclose detective's promise to witness that detective would "speak a word" on behalf of the witness), *aff'd on other grounds*, 481 U.S. 279 (1987); *Bell v. Haley*, 437 F. Supp. 2d 1278, 1309 (M.D. Ala. 2005) (agent's statement to witness that agent could discuss witness's pending charges after defendant's trial "was too insubstantial to constitute a 'promise'").

In this case, Agent Clark told Morris in substance that the statement that she had given could not be used against her and that under his agency's standards, she would likely not be prosecuted. This statement by a law enforcement officer to a witness has even less impeachment value than the statements that a detective would "speak a word" for the witness or that the prosecutor would take care of the witness. Therefore, because the investigating agent did not make a promise that the Government was obliged to disclose, there was no *Giglio* violation.

  **B.**  **Cleckler Can Demonstrate No Prejudice from the Delayed Disclosure**

Even assuming disclosure was required, because the information was revealed during trial, to obtain a new trial, Cleckler would have to "show prejudice, *e.g.*, the material came so late that it could not be effectively used." *United States v. Bueno-Sierra*, 99 F.3d 375, 379 (11th Cir. 1996) (per curiam) (citation and quotation omitted). Several cases illustrate this rule and show that a new trial is not warranted. Closest factually is *United States v. Nixon*, 634 F.2d 306 (5th Cir. 1981), where the government failed to disclose the prosecutor's oral assurance to the witness that he would not be prosecuted if he testified against the

defendant. However, the relevant facts were elicited on cross-examination. The court held that there was no prejudice, because "the jury had the benefit of [the agreement] insofar as it might have affected [the witness's] credibility." *Id.* at 313. Moreover, the defendant could not establish that "prior knowledge of the . . . agreement would have aided the cross-examination." *Id.* Accordingly, the court concluded that "the late disclosure in no way prejudiced full impeachment of [the witness] in connection therewith and we may not reverse for this failure." *Id.*; *accord United States v. Mejia*, 82 F.3d 1032, 1036-37 (11th Cir. 1996) (no prejudice where "the information alleged to have been withheld was brought out in fact on cross examination"); *see also Bueno-Sierra*, 99 F.3d at 378 (disclosure made during trial; no prejudice when district court granted a recess to allow for additional cross-examination, and impeaching material was "fully explored"); *United States v. Knight*, 867 F.2d 1285, 1289 (11th Cir. 1989) (disclosure made during trial; no prejudice where witness was recalled and subject to additional cross-examination); *United States v. Darwin*, 757 F.2d 1193, 1201 (11th Cir. 1985) (disclosure made after witness's testimony; no prejudice where defense could have recalled witness but chose not to).

Here, the defense elicited Morris's understanding of her situation on cross-examination, neither defendant sought a recess or an opportunity to further cross-examine Morris, and Agent Clark testified concerning his conversations with Morris. In addition, there was extensive cross-examination of Brown about the subject of immunity. Moreover, Cleckler never points to any prejudice from the delayed notification. Accordingly, he is not entitled to a new trial.

## II.  PRIVILEGE

In his motion, Cleckler claims that privileged communications were admitted, stating that "[t]he Court ordered Selfe to testify about all facets of the IRS audit even though none of his representation prior to 2000 was not [sic] in furtherance of the fraud allegations." The Government does not believe the factual premise of this argument is correct. The only information that the Government recalls eliciting on direct examination regarding Selfe's communications with his client related directly to the question of (1) whether Ezy-Ryder (as opposed to Gene's Marine) had sold the boats that resulted in the deposits into the Ezy-Ryder bank account, and (2) the need for documentation of those sales. There may have been some general background information about what Selfe was retained to do, but nothing that would have been privileged. Cleckler has the burden of establishing a violation of either the attorney-client privilege or work-product protection,[2] and he provides the court with no basis for finding that such a violation occurred.

## III.  HEARSAY

### A.  The Court May Only Consider the Challenge to the Admission of the Particular Document Cleckler Refers to in His Motion

Cleckler complains of the court's admission of various documents that allegedly contained hearsay. Cleckler specifies only one statement to which this objection applies, and the court should limit its review to this statement.

---

[2]*See Bogle v. McClure*, 332 F.3d 1347, 1358 (11th Cir. 2003) ("The party invoking the attorney-client privilege has the burden of proving that an attorney-client relationship existed and that the particular communications were confidential."); *In re Grand Jury Investigation (Schroeder)*, 842 F.2d 1223, 1226 (11th Cir. 1987); *United States v. Moore*, 485 F.2d 1165, 1167 (5th Cir. 1973).

"[A] motion must state the grounds on which it is based." Fed. R. Crim. P. 47(b). The statement of grounds must "be specific enough to preserve the issue for appeal." 28 MOORE'S FEDERAL PRACTICE § 647.02[3] (3d ed 2003). To preserve an evidentiary objection for appeal, the objection must, "at a bare minimum . . . tell the trial judge both what is objected to and why." 21 C. Wright and K. Graham, FEDERAL PRACTICE AND PROCEDURE: EVIDENCE 2D, § 5036.1, at 641 (2005) (citation and quotation omitted)

> [A]n objection must . . . specify the evidence to which the objection is directed. Placing the burden on the objector to identify the target of her objection furthers the policy of efficiency; she is the person most likely to know what needs to be excluded. Forcing the objector to specify the target also furthers the policy of party autonomy via separation of functions; . . . it is not the job of the judge to sort out admissible from inadmissible evidence.

*Id.* at 646 (citation and quotation omitted); *see United States v. David*, 96 F.3d 1477, 1480 (D.C. Cir. 1996) (hearsay objection not preserved when defendant failed to "point to the specific documentary evidence with which he took issue").

Here, the only document specified by Cleckler is Exhibit 24, and the only allegedly hearsay statement complained of is a statement by Janice Hull, the accountant. This is the only ground for new trial that the court should consider.[3]

---

[3]Nor should the court consider any belated attempt by Cleckler to expand the grounds of his motion. A motion for new trial must be filed within seven days after the verdict, unless an extension is granted within the seven-day period. *See* Fed. R. Crim. P. 33(b)(2); *see also Eberhart v. United States*, 126 S. Ct. 403, 407 (2005). (Rule 33's time limits "assure relief to a party properly raising them . . . ."). A party who files a timely Rule 33 motion cannot raise additional grounds after the time to file has elapsed. *See United States v. Angulo*, 132 Fed. Appx. 240, 241 (11th Cir. 2005) (per curiam) (unpublished) (motion to supplement new trial motion was untimely); *United States v. Bramlett*, 116 F.3d 1403, 1405-06 (11th Cir. 1997) ('renewed' motion was untimely); *United States v. Hall*, 854 F.2d 1269, 1271-72 (11th Cir. 1988) (district court erred in considering untimely "supplement" to original motion).

    **B.**    **The Objection is Without Merit**

The document Cleckler cites, Exhibit 24, does not refer to any statement by Janice Hull, and the Government assumes that Cleckler intended to refer to some other document. Although it is difficult to address this issue in a vacuum, assuming the statement in question was being offered for its truth, then the document would be admissible as a record of the agency, and Ms. Hull's statement within the document would be a "non-hearsay" statement authorized by the party or by the party's agent. *See* Fed. R. Evid. 801(d)(2)©, 801(d)(2)(D), 803(8). Therefore, the Court should deny the motion.

## CONCLUSION

For the reasons set forth above, the Government requests that the Court deny Cleckler's motion for new trial.

 

    LEURA G. CANARY
    UNITED STATES ATTORNEY

    s/Andrew O. Schiff
    ANDREW O. SCHIFF
    Assistant United States Attorney
    One Court Square, Suite 201
    Montgomery, AL 36104
    Phone: (334) 223-7280
    Fax: (334) 223-7135
    E-mail: andrew.schiff@usdoj.gov
    Bar ID 43641

IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| v.  § | CR. NO. 2:06cr202-WKW |
| § | |
| EUGENE CLECKLER § | |

## CERTIFICATE OF SERVICE

I hereby certify that on February 6, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: George Beck, Esq., and Ronald Brunson, Esq.

                                                            Respectfully submitted,

                                                            s/Andrew O. Schiff
                                                            ANDREW O. SCHIFF
                                                            Assistant United States Attorney
                                                            One Court Square, Suite 201
                                                            Montgomery, AL 36104
                                                            Phone: (334) 223-7280
                                                            Fax: (334) 223-7135
                                                            E-mail: andrew.schiff@usdoj.gov
                                                            Bar ID 43641