IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | |
| vs. ) | CASE NUMBER: 2:06-CR-00202-WKW |
| ) | |
| **EUGENE L. CLECKLER** ) | |

## DEFENDANT'S RESPONSE FOR NEW TRIAL

Eugene L. Clecker, hereby moves this honorable Court to vacate said judgment of conviction and pursuant to *Fed. R. Crim. P. 33(b)(2)*, in the interests of justice, order a new trial. In support of this motion, the following is shown to the Court in supplement:

The government, in its response to the defendant's motion for new trial, is asking the Court to disregard the government's strict obligations under the Court's standing discovery order. The government failed to disclose immunity understandings with both key witnesses/coconspirators, Cleveland Brown and Tanya Morris.

Early in the discovery process, the defendant recognized that Brown and Morris would have relied on assurances from the government in order to avoid self-incrimination. When no written agreements were received, the defense asked the prosecutor specifically about the understandings, including unwritten agreements or proffer letters. The prosecutor denied all witness agreement discussions. The

government represented that it had fully complied with the discovery obligations.

A defense request for information may result in constructive knowledge of it on the part of the prosecution. *United States v. Veksler,* 62 F3d 544, 550 (3rd Cir. 1995). When a prosecutor receives a specific and relevant request, the failure to make any response is seldom, if ever, excusable. *United States v. Agurs,* 427 U.S. 97, 106 (1976).

Tanya Morris testified at trial that she asked the agents about her exposure at the very onset of her discussions and was told by the agents that she would not be prosecuted. Brown testified after Morris at trial and curiously relied on a fading memory but stated he was told he would be only a "witness" in the case.

There is no other evidence about the agreements before the Court. In proffer representations to the Court however, the prosecutor denied promises of immunity. The taint is no less if the agents rather than the prosecutor were guilty of the non-disclosure. *Barbee v. Warden,* 331 F2d 842, 846 (4th Cir. 1984). The prosecutor had a duty to inquire. *Kyles v. Whitley,* 514 U.S. 419, 437 (1995).

Brown and Morris testified that they were interviewed repeatedly by the government in preparation for their trial testimony. The defendants had no access whatsoever to Brown and Morris prior to cross-examination at trial. And after trial, the government is inferring that the immunity discussions must have been a misunderstanding, that the conspicuous subject never came up, and Brown and

Morris could have very well been prosecuted.

The government is asking the Court to disregard the standing discovery order and its obligations under *Giglio* in favor of the conviction at trial, that no prejudice to the defendant occurred. Notwithstanding the fact that the witness motivation to testify was a critical factor in examining the credibility of both Brown and Morris, the prosecutor had a standing duty to ask the agents and the government had a duty to disclose all understandings, especially involving such key witnesses.

Wherefore, premises considered, Defendant Eugene Cleckler respectfully moves this Court to order a new trial of this cause.

Respectfully submitted, this the 14th day of February, 2007.

s/ Ronald R. Brunson
RONALD R. BRUNSON 1696
2126 Morris Avenue
Birmingham, Alabama 35203
(205) 252-2100

## CERTIFICATE OF SERVICE

      I hereby certify that on February 14th, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

    Andrew O. Schiff, Esq., Assistant U.S. Attorney
    201 One Court Square
    Post Office Box 197
    Montgomery, AL  36101-0197
    Andrew.schiff@usdoj.gov, Debbie.shaw@usdoj.gov


                                s/ Ronald R. Brunson
                                RONALD R. BRUNSON