IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CR. NO. 2:06cr202-WKW |
| | § | |
| EUGENE CLECKLER | § | |

**GOVERNMENT'S RESPONSE TO DEFENDANT'S SENTENCING MEMORANDUM**

Comes now the United States of America, by and through Leura G. Canary, United States Attorney for the Middle District of Alabama, and hereby responds to Defendant's Sentencing Memorandum as follows:

In his memorandum, Eugene Cleckler objects to the conclusion of the presentence report ("PSI") that he should receive two-level enhancements for, respectively, obstruction of justice (U.S.S.G. § 3C1.1), and role in the offense (*Id.* § 3B1.1(c)). For the reasons set forth below, the Court should overrule Cleckler's objections.

**I.      OBSTRUCTION OF JUSTICE**

At trial, Cleckler testified on his own behalf. Among other things, he testified that:

- he did not instruct Tanya Morris to create fictitious documentation in 1996 (55:21-24[1]);

- he did not authorize the creation of the false Ezy-Ryder invoices (57:6-9), which occurred in 2000;

- he was not told by Ed Selfe it would be helpful if Cleckler could document the fact that Ezy-Ryder had sold boats to third parties (61:25-62:8);

- he did not tell Frank Brand that Cleckler would walk away from the corporation and that the IRS could have whatever assets it could find (62:12-21);

---

[1]References in this form are to the transcript of Cleckler's testimony.

- he did not speak with Rhonda Howard about the circumstances of her quitting (70:11-19); and

- he was told by Cleveland Brown that Brown was going to take care of reconstructing the Ezy-Ryder transaction with the help of an unidentified Montgomery accountant (25:8-26:3, 66:23-67:25).

All of this testimony was contradicted by other witnesses at trial.

The Sentencing Guidelines provide a two-level increase if "(A) the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice during the course of the . . . prosecution . . . of the instant offense of conviction, and (B) the obstructed conduct related to . . . the defendant's offense of conviction . . . ." U.S.S.G. § 3C1.1.  Among other things, the enhancement applies to "committing . . . perjury." *Id.*, app. note 4(b).

In *United States v. Dunnigan*, 507 U.S. 87 (1993), the Court considered the issue of trial perjury as a basis for an obstruction-of-justice enhancement and, as relevant to the instant case, held as follows:

- a. Upon a district court's "determination that the accused has committed perjury at trial, an enhancement of sentence is required by the Sentencing Guidelines." *Id.* at 98.

- b Perjury would consist of "giv[ing] false testimony concerning a material matter with the willful intent to provide false testimony, rather than as a result of confusion, mistake, or faulty memory." *Id.* at 94.

- c. If the defendant objects to a PSI's proposed perjury enhancement, "a district court must review the evidence and make independent findings necessary to establish a willful impediment to or obstruction of justice, or an attempt to do the same, under the perjury definition we have set out." *Id.* at 95.

Thus, under *Dunnigan*, the Government must establish the following elements by a preponderance of the evidence:

1. The testimony must be under oath or affirmation.

2. The testimony must be false.

  3. The testimony must be material

  4. The testimony must be given with the willful intent to provide false testimony and not as a result of mistake, confusion, or faulty memory.

*United States v. Singh*, 291 F.3d 756, 763 n.4 (11th Cir. 2002); *see also United States v. Paz*, 2005 WL 1540136, *3-4 (11th Cir. July 1, 2005) (unpublished) (affirming district court's use of preponderance-of-the-evidence standard in making perjury finding).

Applying this standard here, there is ample evidence to support a finding of trial perjury. First, the testimony was under oath. Second, the testimony was false, directly contradicted by numerous witnesses. Third, the testimony addressed material matters: the statements cited above related to facts that either went directly to the question of guilt or related to an important fact corroborating the Government's theory of the case.

Finally, there is more than sufficient evidence to support a finding that the testimony was wilfully false, and not the result of a faulty memory. Cleckler simply made too many false statements contradicting the testimony of too many witnesses. A conclusion of willfulness is also supported by the fact that each false statement tended to support Cleckler's defense—honest mistakes would not fall into such a neat pattern. Therefore, the Court should find that Cleckler committed perjury at trial and overrule his objection to the application of the obstruction-of-justice enhancement.

## II. ROLE IN THE OFFENSE

The trial evidence was that Cleckler was an owner of the business and that he directed Tanya Morris and Cleveland Brown to create false documentation. These facts are more than adequate to support the two-level enhancement for aggravating role.

The Sentencing Guidelines provide for upward adjustments for defendants who lead others in criminal conduct, providing for an increase of

(a) four levels for a defendant who is an "organizer or leader" of criminal activity involving five or more participants, U.S.S.G. §3B1.1(a),

(b) three levels for a defendant who is a "manager or supervisor" of criminal activity involving five or more participants, U.S.S.G. §3B1.1(b), and

(c) two levels "[i]f the defendant was an organizer, leader, manager, or supervisor in any criminal activity other than described in (a) or (b)," U.S.S.G. §3B1.1(c).

Section 3B1.1(c) is an "inclusive[]" provision, which requires only that "the defendant . . . have been the organizer, leader, manager, or supervisor of one or more other participants." U.S.S.G. §3B1.1, commentary & app. note 2; *see United States v. Mandhai*, 375 F.3d 1243, 1248 (11th Cir. 2004) ("The assertion of control or influence over only one individual is sufficient to support the role enhancement."); *United States v. Garrison*, 133 F.3d 831, 843-46 (11th Cir. 1998) (business owner who instructed employee to engage in criminal conduct properly received leadership enhancement).

In support of his argument against application of the enhancement, Cleckler cites *United States v. Vandeberg*, 201 F.3d 805 (6th Cir. 2000). However, in that case the court simply reaffirmed that "[m]erely playing an essential role in the offense is not equivalent to exercising managerial control over other participants . . . ." *Id.* at 811. Here, by contrast, the evidence was clear that Cleckler directed his employees to engage in criminal conduct. Therefore, the two-level enhancement for role in the offense is applicable.

## CONCLUSION

For the reasons set forth above, the Government requests that the Court overrule Cleckler's objections to the PSI.

Respectfully submitted this the 26th day of April, 2007.

>LEURA G. CANARY
>UNITED STATES ATTORNEY
>
>/s/Andrew O. Schiff
>ANDREW O. SCHIFF
>One Court Square, Suite 201
>Montgomery, AL 36104
>Phone: (334) 223-7280
>Fax: (334) 223-7135
>E-mail: andrew.schiff@usdoj.gov

IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CR. NO. 2:06cr202-WKW |
| | § | |
| EUGENE CLECKLER | § | |

**CERTIFICATE OF SERVICE**

I hereby certify that on April 26, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to: Ronald Brunson, Esq.

Respectfully submitted,

/s/Andrew O. Schiff
ANDREW O. SCHIFF
One Court Square, Suite 201
Montgomery, AL 36104
Phone: (334) 223-7280
Fax: (334) 223-7135
E-mail: andrew.schiff@usdoj.gov