IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | |
| vs. ) | CASE NUMBER: 2:06-CR-00202-WKW |
| ) | |
| **EUGENE L. CLECKLER** ) | |

<u>DEFENDANT'S REQUEST FOR BOND PENDING APPEAL</u>

COMES NOW the defendant, Eugene L. Cleckler, and hereby moves this Court to remain on bond pending the determination of appeal before the Eleventh Circuit Court of Appeals, and as grounds therefore, states as follows:

On June 29, 2007, the defendant was sentenced to serve 33 months custody. He filed notice of appeal on July 5, 2007. He was ordered to begin the custody portion of his sentence on August 14, 2007.

*Title 18, U.S.C. § 3143(b)(1)* provides that if the Court finds by clear and convincing evidence that the defendant does not pose a danger and is not a flight risk, the Court may consider the issues which may arise on appeal. If the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in reversal, new trial or a sentence that does not include custody, the Court may order release pending the appeal process. *Title 18, U.S.C. § 3143(b)(1)(B).*

If the appeal raises a substantial question of law or fact that is likely to result in reversal, the Court should grant the appeal bond. *United States v. Giancola,* 754

F.2d 899 (11th Cir. 1986). A "substantial question" is one that has not been decided by controlling precedent. *United States v. Miller,* 753 F.2d 19 (3rd Cir. 1985).

The defendant believes the following issues raise substantial issues of fact and law for appeal:

1. The Court failed to declare a mistrial based on the government's failure to disclose critical impeachment information regarding the two key government witnesses, Cleveland Brown and Tanya Morris.

2. Protected privileged attorney-client communications and attorney work product were ordered revealed outside the scope of the crime-fraud exception.

As stated and elaborated throughout this case in open court at hearings and at trial, and in defendant's Motion for New Trial, an appeal in this case raises substantial questions of law and fact that should be considered by the circuit court. There is no allegation that this appeal is for the purpose of delay and this defendant has never posed a danger and is not a flight risk.

Release or detention determinations in federal courts are governed by the Bail Reform Act of 1984 which substantially revised the Bail Reform Act of 1966 to increase judicial authority and discretion for release and detention determinations and to expand appellate review. Most significantly, the Bail Reform Act of 1984 allows courts to impose conditions of release geared toward ensuring community safety and even to deny release to those who pose a serious risk to the community.

Cleckler does not pose a threat to the community and has shown himself trustworthy for continued release and cooperation with all court proceedings.

Courts encourage defendants facing relatively short sentences to seek release pending appeal or move for an expedited appeal because it is often difficult to file an appeal, docket it, set a briefing schedule, hear oral argument, and draft an opinion before a relatively short sentence has been served. *See United States v. Jackson*, 32 F.3d 1101, 1104 (7th Cir. 1994).

This request complies with all of the factors set out in *Title 18, U.S.C. § 3143(b)(1)(B)*. There are issues in this case worthy of litigating on appeal. It is in this Court's discretion whether Eugene Cleckler deserves the right to have his case heard and argued before he serves his punishment. The defendant respectfully requests this court to stay his sentence while his appeal is heard.

Respectfully submitted this the 11th day of July, 2007.

        s/ Ronald R, Brunson
        RONALD R. BRUNSON 1696
        ATTORNEY FOR EUGENE L. CLECKLER
        4379 Boulder Lake Circle
        Birmingham, Alabama 35242
        (205) 967-6242

CERTIFICATE OF SERVICE

      I hereby certify that on July 11th, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

    Andrew O. Schiff, Esq., Assistant U.S. Attorney
    201 One Court Square
    Post Office Box 197
    Montgomery, AL  36101-0197
    Andrew.schiff@usdoj.gov, Debbie.shaw@usdoj.gov


                                            s/ Ronald R, Brunson
                                            RONALD R. BRUNSON