IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CR. NO. 2:06cr202-WKW |
| | § | |
| EUGENE CLECKLER | § | |

**GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION FOR BOND PENDING APPEAL**

Comes now the United States of America, by and through Leura G. Canary, United States Attorney for the Middle District of Alabama, and hereby responds to Defendant's motion for bond pending appeal as follows.

**I.   LEGAL STANDARD APPLICABLE TO RELEASE PENDING APPEAL**

Title 18, United States Code, Section 3143(b) governs the Court's determination of whether the defendant may be granted release pending appeal. The statute provides in pertinent part that a defendant who is not a flight risk or a danger to the community,[1] and who has been sentenced to a term of imprisonment, "shall" be detained pending appeal, unless a court finds that the appeal "raises a substantial question of law or fact likely to result in - (i) reversal, (ii) an order for a new trial, (iii) a sentence that does not include a term of imprisonment, or (iv) a reduced term of imprisonment less than the total of the time already served plus the expected duration of the appeal process." 18 U.S.C. § 3143(b).

Prior to the enactment of Section 3143(b), there existed a presumption in favor of granting convicted defendants bond pending appeal. Section 3143(b) was enacted by Congress in 1984 in

---

[1] The Government does not contend that defendant poses a risk of flight or danger to the community, or that defendant's appeal is frivolous, or brought solely for purposes of delay.

order to "reverse the presumption in favor of bail that existed under the prior statute . . . ." *United States v. Giancola*, 754 F.2d 898, 900 (11th Cir. 1985). Under the amended statute, the "burden of establishing" a right to bail "is on the convicted defendant." *Id.* at 901. The shift in the presumption "assure[s] that post-conviction bail is confined to those who are among the more promising candidates for ultimate exoneration." *United States v. Schoffner*, 791 F.2d 586, 589 (7th Cir. 1986).

The presumption of confinement pending appeal "gives recognition to the basic principle that a conviction is presumed to be correct." S. Rep. No. 225, 98th Cong., 1st Sess. 27, *reprinted in* U.S. Code Cong. & Ad. News 3182, 3209. The change in the law also reflects Congress's appreciation that "release of a criminal defendant into the community after conviction may undermine the deterrent effect of the criminal law, especially in those situations where an appeal of the conviction may drag on for many months or even years." *Id*. In other words, Congress has recognized that "harm results not only when someone is imprisoned erroneously, but also when execution of sentence is delayed because of arguments that in the end prove to be without merit." *Schoffner*, 79 F.2d at 589.

Because of the shift in the presumption, even defendants who are neither a flight risk nor a danger to the community have the burden of establishing (1) "that the appeal raises a substantial question of law or fact," and (2) that resolution of that question in favor of the defendant would "likely result in reversal or an order for a new trial of all counts on which imprisonment has been imposed." *Giancola*, 754 F.2d at 901. A "'substantial question' is one of more substance than would be necessary to a finding that it was not frivolous. It is a 'close' question or one that very well could be decided the other way." *Id.*

Even if a question is determined to be "substantial" within the meaning of § 3143(b), the defendant must also show, as a second step, that a resolution of that question in the defendant's favor would be likely to lead to reversal or the grant of a new trial. This aspect of the inquiry requires the Court to consider the potential impact of a decision in defendant's favor in light of the nature or type of question involved. *E.g., United States v. Handy*, 761 F.2d 1279, 1280 (9th Cir. 1985) (the second prong focuses on the type of question that must be presented). "[H]armless errors, errors that have no prejudicial effect, or errors that have been insufficiently preserved," which would not result in reversal or a new trial, do not satisfy the applicable standard. *United States v. Bilanzich*, 771 F.2d 292 (7th Cir. 1985). Similarly, questions that address matters that are not "integral to the merits," or to which deferential standards of appellate review apply, are substantially less likely to satisfy the second prong of the inquiry required by § 3143(b). *United States v. Powell*, 761 F.2d 1227, 1234 (8th Cir. 1985) (en banc); *see also United States v. Day*, 433 F. Supp. 2d 54, 56-57 (D.D.C. 2006) (denying motion for bond pending appeal, and noting that evidentiary rulings, which are reviewed for abuse of discretion, are less likely to result in reversal than rulings on issues of law, which are reviewed *de novo*).[2]

---

[2] *See also United States v. Reich*, 420 F. Supp. 2d 75, 90 n.6 (E.D.N.Y. 2006) (denying motion for bond pending appeal where defendant sought to appeal evidentiary ruling with respect to which district court was afforded discretion under Fed. R. Evid. 403); *United States v. Kemp*, 379 F. Supp. 2d 690 (E.D. Pa. 2005) (denying bond pending appeal where rulings related to jurors were matters within court's discretion and rulings were consistent with precedent from other circuits); *United States v. Lane*, 194 F. Supp. 2d 758, 777, 786 (N.D. Ill. 2002) (denying motion for bond pending appeal on ground that no substantial question was raised regarding the exclusion of evidence and, "more significantly," that such exclusion could not legitimately be found to constitute an abuse of discretion), *aff'd*, 281 F.3d 638 (7th Cir. 2002); *United States v. Butler*, 704 F. Supp. 1351, 1354 (E.D. Va. 1989) (denying motion for bond on ground that denial of mistrial, in part because ruling was reviewable only for abuse of discretion); *United States v. Draiman*, 614 F. Supp. 307, 311 (N.D. Ill. 1985) (denying bond where court's restriction of cross examination was a matter of discretion).

**II.    CLECKLER RAISES NO SUBSTANTIAL QUESTIONS LIKELY TO RESULT IN A NEW TRIAL**

Applying this standard here, it is clear that the Court should deny Cleckler's motion. With respect to the Court's failure to declare a mistrial based on the untimely disclosure of impeachment evidence, as the Government noted in its response to Cleckler's motion for new trial, the information in question was not *Giglio* material at all.[3] In addition, even if disclosure was required, Cleckler pointed to no prejudice from the late disclosure, which came in time for Cleckler to make use of the information on cross-examination.[4] Moreover, the Eleventh Circuit will review this Court's "denial of a motion for mistrial for abuse of discretion." *United States v. Ramirez*, 426 F.3d 1344, 1353 (11th Cir. 2005); *see also United States v. Cardales*, 168 F.3d 548, 555 (1st Cir. 1999) (abuse of discretion standard applies to a "motion[] for a mistrial based on [an] alleged *Brady* violation"). Therefore, the *Giglio* issue does not pose a substantial question likely to result in a new trial.

---

[3] *See Tarver v. Hopper*, 169 F.3d 710, 717 (11th Cir. 1999) (prosecutor's statement to defense counsel that the witness's testimony would be "taken into consideration" was "too preliminary and ambiguous to demand disclosure."); *Depree v. Thomas*, 946 F.2d 784, 797 (11th Cir. 1991) (prosecutor and detective told witness that they would "take care of" him; disclosure not required because statement was "ambiguous" and was not a "promise[] that the witness would, in fact, receive more favorable treatment"); *McCleskey v. Kemp*, 753 F.2d 877, 884 (11th Cir. 1985) (state not required to disclose detective's promise to witness that detective would "speak a word" on behalf of the witness), *aff'd on other grounds*, 481 U.S. 279 (1987); *Bell v. Haley*, 437 F. Supp. 2d 1278, 1309 (M.D. Ala. 2005) (agent's statement to witness that agent could discuss witness's pending charges after defendant's trial "was too insubstantial to constitute a 'promise'").

[4] *See United States v. Bueno-Sierra*, 99 F.3d 375, 378 (11th Cir. 1996) (disclosure made during trial; no prejudice when district court granted a recess to allow for additional cross-examination, and impeaching material was "fully explored") *United States v. Mejia*, 82 F.3d 1032, 1036-37 (11th Cir. 1996) (no prejudice where "the information alleged to have been withheld was brought out in fact on cross examination"); *United States v. Knight*, 867 F.2d 1285, 1289 (11th Cir. 1989) (disclosure made during trial; no prejudice where witness was recalled and subject to additional cross-examination); *United States v. Darwin*, 757 F.2d 1193, 1201 (11th Cir. 1985) (disclosure made after witness's testimony; no prejudice where defense could have recalled witness but chose not to); *United States v. Nixon*, 634 F.2d 306 (5th Cir. 1981) (reversal inappropriate when "the late disclosure in no way prejudiced full impeachment of [the witness]").

The attorney-client privilege issue that Cleckler mentions is even less substantial. Cleckler had the burden of establishing the validity of the privilege,[5] yet, as the Court noted in its Order denying Cleckler's motion for new trial, Cleckler "fail[ed] to specify" the advice and strategy he claimed was improperly disclosed". (Ord. at 5)  Therefore, neither the privilege nor the *Giglio* issue provides a basis for granting Cleckler bail pending appeal.

## CONCLUSION

For the reasons set forth above, the United States requests that the Court deny Cleckler's motion for bond pending appeal.

LEURA G. CANARY
UNITED STATES ATTORNEY

s/Andrew O. Schiff
ANDREW O. SCHIFF
Assistant United States Attorney
131 Clayton Street
Montgomery, AL 36104
Phone: (334) 223-7280
Fax: (334) 223-7135
E-mail: andrew.schiff@usdoj.gov
Bar ID 43641

---

[5] *See Bogle v. McClure*, 332 F.3d 1347, 1358 (11th Cir. 2003) ("The party invoking the attorney-client privilege has the burden of proving that an attorney-client relationship existed and that the particular communications were confidential."); *In re Grand Jury Investigation (Schroeder)*, 842 F.2d 1223, 1226 (11th Cir. 1987); *United States v. Moore*, 485 F.2d 1165, 1167 (5th Cir. 1973).

IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CR. NO. 2:06cr202-WKW |
| | § | |
| EUGENE CLECKLER | § | |

**CERTIFICATE OF SERVICE**

I hereby certify that on July 13, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: George Beck, Esq., and Ronald Brunson, Esq.

    Respectfully submitted,

    s/Andrew O. Schiff
    ANDREW O. SCHIFF
    Assistant United States Attorney
    One Court Square, Suite 201
    Montgomery, AL 36104
    Phone: (334) 223-7280
    Fax: (334) 223-7135
    E-mail: andrew.schiff@usdoj.gov
    Bar ID 43641