## IN THE DISTRICT COURT OF THE UNITED STATES
## FOR THE MIDDLE DISTRICT OF ALABAMA
## NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CRIMINAL NO.: **2:06-CR-0202-WKW** |
| | ) | |
| EUGENE L. CLECKLER, | ) | |
| | ) | |
| Defendant | ) | |

## <u>RESPONSE TO MOTION TO SUSPEND EXECUTION OF FORFEITURE</u>

COMES NOW, the United States of America, by and through Leura G. Canary, United States Attorney for the Middle District of Alabama, and responds to Defendant's Motion to Suspend Execution of Forfeiture (Doc. # 124) as follows:

**I.    Defendant's Motion is premature as the United States has not yet made application to the court for execution.**

The United States is authorized pursuant to the Federal Debt Collection Procedures Act, as judgment creditor, to levy pursuant to a writ of execution upon "all property in which the debtor has a substantial nonexempt interest". 28 U.S.C. 3203(a). Specifically, 28 U.S.C. 3203(c) sets forth the requirements necessary to initiate execution on a debtor's property. Prior to levy, the judgment creditor must make application to the court for a writ of execution, and a subsequent writ of execution must be issued. 28 U.S.C.

1

3203(c)(1).[1]  The United States, as judgment creditor, to date, has made no application to

the court for a writ of execution to levy on Defendant's property, and the necessary writ

of execution has not been granted.  Therefore, as a practical matter, the relief sought in

Defendant's Motion to Suspend Execution of Forfeiture is premature as the court cannot

"suspend"execution proceedings which have yet to be initiated.

## II.    The validity of Defendant's conviction has been determined and additional time is unwarranted.

Defendant was convicted on June 29, 2007, and ordered to pay restitution in

the amount of $317,901.21.  Defendant appealed this conviction to the Eleventh Circuit

Court of Appeals on July 5, 2007.  The Eleventh Circuit affirmed the conviction on

February 19, 2008, and the United States Supreme Court denied review on June 26,

2008.[2]

Defendant currently has a Motion to Vacate pending; however, there is little

question as to the validity of this conviction and little likelihood this conviction will be

set aside.[3]  Moreover, the fact that there is a motion currently pending does not alone

---

[1] Defendant's reference to forfeiture proceedings is misplaced.  The United States may enforce a judgment pursuant to 28 U.S.C. 3202.  As set forth above, 28 U.S.C. 3203 provides one means by which the United States may satisfy the judgment.

[2] Attached as "Exhibit A" is the Eleventh Circuit opinion, issued as Mandate on March 19, 2008, affirming Defendant's conviction.  Attached as "Exhibit B" is the docket sheet indicating denial of review by the United States Supreme Court.

[3] Attached as "Exhibit C" is the docket sheet for Defendant's currently pending case.

entitle Defendant to the relief requested.  U.S. v. Coluccio, 19 F.3d 1115 (6th Cir. 1994) (holding pending motion before District Court did not entitle pro se defendant automatic stay against federal government's execution on personal property); *See also*, F.T.C. v. Capitol Choice Consumer Credit, Inc., 2004 WL 5141452 (S.D. FL) (denying motion to stay execution of money judgment pending appeal and post-trial motions).

**III.    The United States may initiate proceedings to execute on eligible property.**

Defendant's restitution payment was due immediately upon entry of judgment. U.S. v. James 312 F.Supp. 2d 802, 806 (E.D. VA 2004) (restitution due and payable immediately).  Left unsatisfied, the judgment could have been enforced by way of executing on Defendant's eligible property long ago.  However, the government refrained from such action in light of Defendant's representation that he was taking steps to secure the funds necessary to satisfy the judgment, in full, through the sale of a piece of property.

Defendant has enjoyed the benefit of the government's delay now for over a year. During this time he has failed to satisfy the judgment through the sale of his property, or otherwise, and has made no reasonable payment towards this debt.[4]  Furthermore, despite the United States' willingness to provide Defendant with additional time, he now seeks assistance from the court delaying enforcement, and thus, further postponing satisfaction of his outstanding obligation.

---

[4] Defendant's payment report showing outstanding judgment is attached hereto as "Exhibit D."

3

**IV.    Injunction is not appropriate under the present circumstances.**

To the extent the Court interprets Defendant's request to "refrain from executing",

or alternatively, "to hold this matter in abeyance for a period of up to six (6) months", as a

request for preliminary injunction, the request should be denied.  Ulloa v. U.S., 2006 WL

1763676, (N.D.N.Y) (interpreting pro se motion to stay as a motion for preliminary

injunction where government had statutory authority to take action).  Detrimental to

Defendant's motion, is the fact that he cites no legal authority in support of injunctive

relief.  (See Turner Broadcasting System, Inc. v. FCC, 507 U.S. 1301, 113 S.Ct. 1806

(1993) (denied injunction where applicants provided no legal authority in support).

Defendant's only remotely plausible theory for issuance of injunction under the

circumstances in this case would be pursuant to 28 U.S.C. 3202(a), referring to 28 U.S.C.

1651, the All Writs Act.[5]  However, the Supreme Court has consistently held that an

injunction issued under 28 U.S.C. 1651 is not a matter of right and should be done so

sparingly.  Turner, 507 U.S. 1301, 1807; Heart of Atlanta Motel, Inc. v. U.S., 85 S.Ct. 1

(1964).  Furthermore, injunction is only appropriate if it is "necessary or appropriate in

aid of [the] jurisdiction" and where "the legal rights at issue are 'indisputably clear'".

---

[5] Of relevant note, 18 U.S.C. § 3613(a)(1) provides: "upon finding that the
defendant is in default on a payment of a fine or restitution, the court may ... enter a
restraining order or injunction, order the sale of property of the defendant ... or take any
other action necessary to obtain compliance with the order of a fine or restitution".  Given
the present circumstances, Defendant would be hard-pressed to rely on this authority for
entry of an injunction in his favor.

<u>Turner</u> at 1807, *citing* 28 U.S.C. 1651(a).

## Conclusion

For the foregoing reasons, Defendant's Motion to Suspend Execution of Forfeiture

(Doc. # 124) is due to be denied.

Respectfully submitted this 8th day of August, 2008.

LEURA G. CANARY
United States Attorney

By:         s/R. Randolph Neeley
            R. Randolph Neeley
            Assistant United States Attorney
            Bar Number:  #9083-E56R
            Attorney for Plaintiff/Garnishor
            United States Attorney's Office
            Post Office Box 197
            Montgomery, AL  36101-0197
            Telephone: (334) 223-7280
            Facsimile:  (334) 223-7418
            E-mail:  rand.neeley@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on August 8, 2008, I electronically filed the foregoing with the

Clerk of the Court using the CM/ECF system, and I hereby certify that I have mailed, by

United States Postal Service, a copy of same to the following non-CM/ECF participant(s):

> Eugene Cleckler
> Reg. No.: # 12009-002
> LSCI Butner
> P.O. Box 999
> Butner, NC 27509

> s/R. Randolph Neeley
> Assistant United States Attorney

# EXHIBIT A

[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEBRUARY 19, 2008
THOMAS K. KAHN
CLERK

No. 07-13184
Non-Argument Calendar

D. C. Docket No. 06-00202-CR-W-N

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

EUGENE L. CLECKLER,

Defendant-Appellant.

Appeal from the United States District Court
for the Middle District of Alabama

**(February 19, 2008)**

Before CARNES, BARKETT and HULL, Circuit Judges.

PER CURIAM:

After a jury trial, Eugene Cleckler appeals his convictions and sentences for

conspiracy to defraud the United States, in violation of 18 U.S.C. §§ 371 and 2, and for corrupt or forcible interference with the administration of the internal revenue laws, in violation of 26 U.S.C. § 7212(a) and 18 U.S.C. § 2. After review, we affirm.

## I. Alleged Giglio Violation

Defendant Cleckler owned a business called "Ezy-Ryder" and co-owned another business called "Gene's Marine." Tanya Morris and Cleveland Brown are Cleckler's former employees. Morris and Brown testified that they falsified documents to reflect sales by Ezy-Ryder that were actually attributable to Gene's Marine. Cleckler submitted the fabricated documents to the Internal Revenue Service ("IRS") during its audit into the proper allocation of income among Gene's Marine and Ezy-Ryder.

In arguing on appeal for a new trial, Cleckler alleges that the government had immunity agreements with witnesses Morris and Brown and failed to disclose them, thereby violating the district court's standing discovery order and its obligations under Giglio v. United States, 405 U.S. 150, 92 S. Ct. 763 (1972).[1]

---

[1] Where a witness's credibility is at issue, the government's obligation under Brady includes the disclosure of "evidence of any understanding or agreement as to a future prosecution" of such witness for impeachment purposes. Giglio, 405 U.S. at 154-55, 92 S. Ct. at 766 (citing Brady v. Maryland, 373 U.S. 83, 87, 83 S. Ct. 1194, 1196-97 (1963)).

We review for an abuse of discretion the district court's denial of a motion for new trial based on a claim that the government failed to disclose material evidence. United States v. Brown, 441 F.3d 1330, 1350 (11th Cir. 2006), cert. denied, 127 S. Ct. 1149 (2007).

2

Cleckler contends that information about these immunity agreements was material to his defense, as the government's case hinged on the credibility of these witnesses. Cleckler has not shown reversible error for two reasons.

First, Cleckler has not proved that either witness actually had an immunity agreement with the government in exchange for testimony against Cleckler. Brown denied having any discussion with IRS Agent Kyle Clarke regarding immunity from prosecution in exchange for his testimony.[2] Morris did testify that when she met with Agent Clarke, she confirmed with him that she would not be prosecuted, but Morris never stated that Agent Clarke explained she would not be prosecuted in exchange for her testimony. There is no evidence that the government's decision to forgo prosecution was in exchange for her testimony.

Rather, Agent Clarke's testimony demonstrates that no such immunity agreement existed. Agent Clarke testified about the meeting with Morris and Brown. According to Agent Clarke, after the meeting, Morris asked if she was "going to get in trouble for this." Agent Clarke explained this IRS policy: before the IRS talks to a person, if the person is under investigation, the IRS must notify her that she is under investigation and does not have to answer any questions.

---

[2]Morris did testify that Brown told her the government would not prosecute them if they provided information, but Morris also admitted that she only assumed Agent Clarke told this to Brown and she did not know if Brown ever actually talked to anyone from the government about immunity.

3

Agent Clarke told Morris that because he did not have an investigation on her and her IRS non-custody rights had not been read to her, he could not use anything she told him in prosecution against her. Thus, according to Agent Clarke, he merely informed Morris that her statements that day could not be used against her and never indicated that she would not be prosecuted based on her willingness to testify.

Second, and even if a factual issue exists as to whether Morris and Brown believed they had immunity agreements, Cleckler has not shown that he suffered prejudice in the delayed disclosure of the alleged agreements. "Delayed disclosure may be grounds for reversal, but only if the defendant can show prejudice, e.g., the material came so late that it could not be effectively used." United States v. Bueno-Sierra, 99 F.3d 375, 379 (11th Cir. 1996) (quotation marks and citation omitted). In this case, Cleckler's attorney had the full opportunity to cross-examine Morris, Brown, and Agent Clarke after Morris's testimony, and, in fact, did question Morris and Brown about their understanding regarding potential prosecution. See id. at 379-80 (noting that prejudice was averted on Brady claim where, following delayed disclosure, additional cross-examination of the witness was allowed and impeaching material was fully explored). Accordingly, we cannot say the district court erred in denying Cleckler's motion for a new trial.

4

## II. Crime-Fraud Exception

Cleckler next argues that the district court improperly compelled his attorney Edward Selfe to testify concerning privileged information under the crime-fraud exception.[3] "The attorney-client privilege does not protect communications made in furtherance of a crime or fraud." In re Grand Jury Investigation (Schroeder), 842 F.2d 1223, 1226 (11th Cir. 1987). We employ a two-part test to examine the applicability of the crime-fraud exception:

> First, there must be a prima facie showing that the client was engaged in criminal or fraudulent conduct when he sought the advice of counsel, that he was planning such conduct when he sought the advice of counsel, or that he committed a crime or fraud subsequent to receiving the benefit of counsel's advice. Second, there must be a showing that the attorney's assistance was obtained in furtherance of the criminal or fraudulent activity or was closely related to it.

Cox v. Adm'r U.S. Steele & Carnegie, 17 F.3d 1386, 1416 (11th Cir. 1994) (citation omitted). "The first prong is satisfied by a showing of evidence that, if believed by a trier of fact, would establish the elements of some violation that was ongoing or about to be committed." Schroeder, 842 F.2d at 1226. "The second

---

[3]We review the district court's findings on the applicability of both prongs of the crime-fraud exception for an abuse of discretion. See In re Grand Jury (G.J. No. 87-03-A), 845 F.2d 896, 898 (11th Cir. 1988); In re Grand Jury Investigation (Schroeder), 842 F.2d 1223, 1226-27 (11th Cir. 1987).

As an initial matter, Cleckler's brief makes a passing reference to protected "attorney work product" that Selfe was ordered to reveal. Because Cleckler failed to develop an argument on this issue, he abandoned it. See United States v. Jernigan, 341 F.3d 1273, 1284 n.8 (11th Cir. 2003).

prong is satisfied by a showing that the communication is related to the criminal or fraudulent activity established under the first prong." Id. at 1227.

In this case, Selfe represented defendant Cleckler in his appeal of IRS Agent Frank Brand's finding that funds deposited into Ezy-Ryder's account actually represented sales by Gene's Marine. Selfe told Cleckler it would be helpful to document any sales Ezy-Ryder made of boats or trailers to third parties. Selfe later received documentation from Cleckler, including invoices and deposit slips, and produced them to Agent Brand. Agent Brand requested additional documentation to support the submitted invoices. Selfe asked Cleckler if he had any additional documentation, and Cleckler provided the alleged back-up documentation.

In his brief on appeal, Cleckler argues the following testimony by Selfe violated the attorney-client privilege:

> [Government's lawyer]: Did you speak with Gene Cleckler about Frank Brand's request for additional documentation?
> [Selfe]: Yes, I did.
> [Government's lawyer]: Can you describe that conversation, please.
> [Selfe]: I cannot describe the conversation other than to say I asked him if there was any backup information to support those invoices.
> [Government's lawyer]: And what was Mr. Cleckler's response?
> [Selfe]: He said he would make an—my best recollection is that he said he would make an investigation and see.

We cannot say the district court abused its discretion in finding that Selfe's above testimony fell within the crime-fraud exception to the attorney-client

6

privilege.[4]  Here, the evidence shows that the IRS reported that Cleckler owed

additional taxes and that Cleckler obtained Selfe's representation in the wake of

that IRS report.  After Selfe told Cleckler it would help his IRS appeal to produce

documents of Ezy-Ryder's sales to third parties, Cleckler submitted fabricated

documents, through Selfe, to Agent Brand that reflected fictitious third-party sales

by Ezy-Ryder.  Cleckler further submitted additional fabricated documents after

Agent Brand's request for back-up documentation.  Cleckler submitted these

fabricated documents as part of his ongoing conduct to defraud the IRS.  Thus,

Cleckler "committed a crime or fraud subsequent to receiving the benefit of

---

[4]Cleckler's brief cites only to "R2-276" for the attorney conversation.  However, Selfe
testified regarding another conversation with Cleckler at R2-270-71, as follows:
> [Government's lawyer]: Now, did you ask Gene Cleckler whether Ezy-Ryder had
> sold boats to customers other than–other than Gene's Marine?
> [Selfe]: Yes, I did.
> [Government's lawyer]: Okay. . . . What was Mr. Cleckler's response–Mr. Gene
> Cleckler's response to your question about Ezy-Ryder sales to third parties?
> [Selfe]: Well, my best recollection is he did think that there were some sales of boats
> or trailers by Ezy-Ryder to third parties.
> [Government's lawyer]: And did you talk to Eugene Cleckler about documenting
> those third-party sales?
> [Selfe]: I did say that if Ezy-Ryder did sell boats or trailers to third parties, it would
> be helpful to document those sales.

The arguments in Cleckler's brief seem broader than the conversation above, and there is
an issue as to whether Cleckler adequately challenged this conversation as well.  We need not
resolve these questions because, as to this conversation, our analysis of the crime-fraud
exception would apply equally to this testimony.  To the extent Cleckler appeals Selfe's
testimony "about all facets of the IRS audit," the attorney-client privilege does not apply to
conversations that Selfe had with people other than Cleckler, for instance, an IRS administrative
officer.  See Schroeder, 842 F.2d at 1224-25 ("The attorney-client privilege attaches only to
communications made in confidence to an attorney by that attorney's client . . . ." (emphasis
added)).

counsel's advice." Cox, 17 F.3d at 1416. As to the second prong, the communications at issue were related to the fraudulent activity: Cleckler obtained Selfe's assistance to further his fraudulent activity and used Selfe to provide additional fabricated documents to Agent Brand.

### III. Alleged Hearsay Violation

Cleckler also argues that the district court improperly admitted into evidence IRS reports and memoranda that contained inadmissible hearsay statements.[5] Specifically, the district court admitted government's exhibit 25, a work paper that Agent Brand prepared during his audit of Ezy-Ryder and as part of his official duties for the IRS.[6] Exhibit 25 outlined Agent Brand's findings and contained the hearsay statements of Cleckler's former accountant Janice Hull. The district court admitted exhibit 25 as both a record of a regularly conducted business activity and a record of a public agency, under Federal Rules of Evidence 803(6) and 803(8)

---

[5]We review the district court's evidentiary rulings for clear abuse of discretion. United States v. Dickerson, 248 F.3d 1036, 1046 (11th Cir. 2001). The district court's factual findings concerning the trustworthiness of a business or public record are "reversible only if clearly erroneous." United States v. Petrie, 302 F.3d 1280, 1288 (11th Cir. 2002).

[6]Cleckler also alleges that the district court admitted other government exhibits "that each contained many alleged witness statements and conclusions by the tax auditor." Some of the exhibits that Cleckler identifies were not even admitted by the district court. As to the one exhibit that was admitted, exhibit 101, Cleckler fails to identify the particular statement or statements that should not have been admitted. Because Cleckler did not develop this argument in his brief, we deem it abandoned. See Jernigan, 341 F.3d at 1284 n.8. In any event, exhibit 101 was an IRS form prepared by Agent Brand that contained his conclusions about what changes should be made to Gene's Marine tax returns, and Cleckler has shown no reversible error as to the admission of exhibit 101.

8

respectively.

The government argues that Cleckler has not shown that the district court abused its discretion in admitting exhibit 25, as the document fell within both the business records and public records exceptions to the hearsay rule. Further, the government points out that Cleckler has not demonstrated that the district court's finding that exhibit 25 was otherwise trustworthy was clearly erroneous. We need not resolve these issues because we readily conclude that any alleged error in admitting exhibit 25 was harmless in any event. Through the testimony of Selfe, Morris, and Brown, and some of the fabricated documents in issue, the government clearly established that Cleckler directed the fabrication of documents reflecting fictitious third-party sales and that he submitted these documents to the IRS. Given the overwhelming evidence of Cleckler's guilt, we conclude that any such error would have been harmless.

## IV. Obstruction-of-Justice Enhancement

Finally, Cleckler argues that the district court improperly applied an obstruction-of-justice enhancement to his advisory sentencing guidelines calculation, under U.S.S.G. § 3C1.1, based on his trial testimony.[7] Cleckler

---

[7]We review the district court's factual findings for clear error and the application of the guidelines to those facts de novo. United States v. Massey, 443 F.3d 814, 818 (11th Cir. 2006). However, we "accord great deference to the district court's credibility determinations" in reviewing "an obstruction of justice enhancement based on perjury." United States v. Singh, 291

contends that the enhancement is not intended to punish a defendant for exercising his constitutional right to deny or refuse to admit his guilt. According to Cleckler, he did not perjure himself at trial by concocting false, alternative factual scenarios; rather, he merely denied the events as portrayed by Brown and Morris.

Section 3C1.1 of the Sentencing Guidelines provides for a two level enhancement if:

> (A) the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice during the course of the investigation, prosecution, or sentencing of the instant offense of conviction, and (B) the obstructive conduct related to . . . [the] offense of conviction and any relevant conduct . . . .

U.S.S.G. § 3C1.1 (2000). Examples of covered conduct include "committing, suborning, or attempting to suborn perjury." Id. at cmt. n.4(b).

A sentence enhancement based on a finding of perjury does not chill a defendant's right to testify, because "a defendant's right to testify does not include a right to commit perjury." United States v. Dunnigan, 507 U.S. 87, 96, 113 S. Ct. 1111, 1117 (1993). For purposes of a § 3C1.1 enhancement, we have adopted the Supreme Court's definition of perjury as "false testimony concerning a material matter with the willful intent to provide false testimony, rather than as a result of confusion, mistake, or faulty memory." United States v. Singh, 291 F.3d 756, 763

---

F.3d 756, 763 (11th Cir. 2002).

(11th Cir. 2002) (quoting <u>Dunnigan</u>, 507 U.S. at 94, 113 S. Ct. at 1116).

Accordingly, four elements must be met to support a finding of perjury: (1) the defendant testified under oath; (2) the testimony was false; (3) the testimony was material; and (4) the testimony was "given with the willful intent to provide false testimony and not as a result of a mistake, confusion, or faulty memory." <u>Id.</u> at 763 n.4.

Upon review of the record and the parties' briefs, we discern no error with regard to the application of the § 3C1.1 enhancement here. The record belies Cleckler's contention that the district court imposed the enhancement merely because he testified and was found guilty. Rather, the district court conducted an independent review of the record and made specific findings of perjury, which are supported by the record and are not clearly erroneous.

For all of these reasons, we affirm Cleckler's convictions and sentences.

**AFFIRMED.**

EXHIBIT B



**United States Court of Appeals
for the Eleventh Circuit**
56 Forsyth Street, N.W.
Atlanta, GA 30303-2289
(404) 335-6100

# 07-13184-CC
# USA v. Eugene L. Cleckler

### Closed

**Docket #:** 07-13184-CC
**Short Style:** USA v. Eugene L. Cleckler
**Docket Date:** 07/12/2007
**Lead Case:**
**Agency:**
**Nature of Suit:**
**Misc. Type:**
**Clerk:** Dixon, Eleanor
**Clerk Phone:** (404) 335-6172

### District Information

**Docket #:** 06-00202-CR-W-N    **Judge:** W. Keith Watkins
**Dkt Date:** 08/15/2006    **District:** Alabama-Middle
**NOA Date:** 07/05/2007    **Office:** MAL-Montgomery

### Secondary Case Information

**Docket #:**    **Judge:**
**Dkt Date:** / /

### Case Relationships

| Docket # | Short Style | Relation | Status |
|---|---|---|---|

### Pending Motions

US Court of Appeals for the Eleventh Circuit

## No Pending Motions



**United States Court of Appeals
for the Eleventh Circuit**
56 Forsyth Street, N.W.
Atlanta, GA 30303-2289
(404) 335-6100

# 07-13184-CC
# USA v. Eugene L. Cleckler

UNITED STATES OF AMERICA,


Plaintiff-Appellee,


versus


EUGENE L. CLECKLER,


Defendant-Appellant.



**United States Court OF Appeals
FOR the Eleventh Circuit**
56 Forsyth Street, N.W.
Atlanta, GA 30303-2289
(404) 335-6100

# 07-13184-CC
## USA v. Eugene L. Cleckler

| Appellant | Appellant Attorney |
|---|---|
| **Eugene L. Cleckler**<br>Address Not On File<br>*Appellant Brief Filed filed on 08.30.2007*<br>*Record Excerpts filed on 08.30.2007*<br>*E-Brief Tendered: Appellant filed on 08.30.2007*<br>*Fees: Paid on 07.06.2007* | **Ronald R. Brunson**<br>Attorney at Law<br>4379 BOULDER LAKE CIR<br>BIRMINGHAM, AL 35242-2116<br>(205) 967-6242<br>ronaldbrunson@aol.com<br>*No Briefing Information Found.* |
| **Appellee** | **Appellee Attorney** |
| **United States of America**<br>Address Not On File | **Sandra J. Stewart**<br>U.S. Attorney's Office<br>131 CLAYTON ST<br>MONTGOMERY, AL 36104-3429<br>(334) 223-7280<br>Fax: (334) 223-7135<br>sandra.stewart@usdoj.gov<br>*Appellee Brief Filed filed on 10.15.2007*<br>*E-Brief Tendered: Appellee filed on 10.18.2007* |

| Initial Service | |
|---|---|
| **Leura Garrett Canary**<br>U.S. Attorney's Office<br>1 COURT SQ STE 201<br>MONTGOMERY, AL 36104-3538<br>(334) 223-7280<br>leura.canary@usdoj.gov | |
| **Andrew O. Schiff**<br>1 COURT SQ STE 201<br>MONTGOMERY, AL 36104-3538<br>(334) 223-7280<br>Fax: (334) 223-7135<br>andrew.schiff@usdoj.gov | |
| **Christopher A. Snyder**<br>PO BOX 197<br>MONTGOMERY, AL 36101-0197<br>(334) 223-7280<br>Fax: (334) 223-7135 | |



**United States Court of Appeals
for the Eleventh Circuit**
56 Forsyth Street, N.W.
Atlanta, GA 30303-2289
(404) 335-6100

# 07-13184-CC
## USA v. Eugene L. Cleckler

| | File Date | Entry | Party | Pending |
|---|---|---|---|---|
| | 05/29/2007 | Transcripts 1/10/07-1/12/07 Filed in D.C.: | Risa Entrekin | No |
| | 07/16/2007 | DKT2 (Docketing Notice) issued. To:Ronald R. Brunson; c:Andrew O. Schiff; c:Christopher A. Snyder; c:Debra P. Hackett; c:Leura Garrett Canary | | No |
| | 07/16/2007 | Probable Jurisdiction Noted: | Eugene L. Cleckler | No |
| | 07/25/2007 | Appearance Form Submitted. | Ronald R. Brunson | No |
| | 07/25/2007 | Transcript Order Form: (hrgs. 1/10/07-1/12/07, 6/29/07) (Ct. Rptr. Risa Entrekin) | Eugene L. Cleckler | No |
| | 07/25/2007 | Court Reporter Acknowledgement: | Risa Entrekin | No |
| | 07/25/2007 | Court Reporter Financial Arrangements: Est. filing date 7/27/07 | Risa Entrekin | No |
| | 07/26/2007 | Transcript 6/29/07 Filed in D.C.: | Risa Entrekin | No |
| | 07/30/2007 | Notice of Transcript Filing Rec. from Ct. Rptr.: | Risa Entrekin | No |
| | 08/02/2007 | Briefing Notice Issued | | No |
| | 08/02/2007 | BR1 (Letter confirming brief due date) issued. c:Andrew O. Schiff; c:Christopher A. Snyder; c:Leura Garrett Canary; c:Ronald R. Brunson | | No |
| | 08/30/2007 | E-CIP Filed. | Ronald R. Brunson | No |
| | 08/30/2007 | Appellant Brief Filed: m 9/4/07 PTD (no name & address of opposing party on cos)(Atty: Ronald R. Brunson) | Eugene L. Cleckler | No |
| | 08/30/2007 | Record Excerpts: m9/4/07 PTD (need name & address of opposing party on cos)(Atty: Ronald R. Brunson) | Eugene L. Cleckler | No |
| | | | Eugene L. | |

| | | | | |
|---|---|---|---|---|
| 30pages | 08/30/2007 | E-Brief Tendered: Appellant by Ronald R. Brunson | Cleckler | No |
| | 09/26/2007 | Over the Phone Extension to File Appellee Brief Granted by JT Until October 9, 2007: | United States of America | No |
| | 10/01/2007 | 7-Day Confirmation Letter for Appellee: (Atty: Sandra J. Stewart): | United States of America | No |
| | 10/15/2007 | Appearance Form Submitted. | Sandra J. Stewart | No |
| | 10/15/2007 | Appellee Brief Filed PT'D (edf): (Atty: Sandra J. Stewart) | United States of America | No |
| | 10/16/2007 | BR7 (Brief deficiency letter) issued. To:Sandra J. Stewart; c:Ronald R. Brunson | | No |
| 30pages | 10/18/2007 | E-Brief Tendered: Appellee by Sandra J. Stewart | United States of America | No |
| | 10/29/2007 | Certificate of Readiness | | No |
| | 10/29/2007 | Record on Appeal | | No |
| | 10/29/2007 | Exhibits | | No |
| | 10/29/2007 | PSI: | Eugene L. Cleckler | No |
| | 02/19/2008 | Judgment Entered | | No |
| | 02/19/2008 | OPIN1 (Notice of issuance of opinion) issued. c:Ronald R. Brunson; c:Sandra J. Stewart; c:W. Keith Watkins | | No |
| | 02/19/2008 | Opinion Issued | | No |
| | 03/19/2008 | CASE CLOSED-Mandate Issued | | No |
| | 03/19/2008 | Mandate Issued | | No |
| | 03/19/2008 | MDT1 (Letter issuing mandate) issued. To:Debra P. Hackett; c:Ronald R. Brunson; c:Sandra J. Stewart | | No |
| | 03/19/2008 | REC3 (Letter returning record to district court) issued. To:Debra P. Hackett | | No |
| | 03/19/2008 | Record and Exhibits Returned to District Court: 7 v. of roa., 3 fld. of exh., 1 env. of exh., 1 psi. | | No |
| | 05/19/2008 | Notice of Filing Certiorari: SC#07-10883 | Eugene L. Cleckler | No |
| | 06/26/2008 | Certiorari Denied: (SC# 07-10883) | Eugene L. Cleckler | No |

## PACER Service Center

### Transaction Receipt

EXHIBIT C

CM/ECF - U.S. District Court: ALMD

INMATE, WILLOUGHBY

# U.S. District Court
## Alabama Middle District (Montgomery)
## CIVIL DOCKET FOR CASE #: 2:08-cv-00397-WKW-CSC

Cleckler v. United States of America (INMATE 3)
Assigned to: Honorable William Keith Watkins
Referred to: Honorable Charles S. Coody
Case in other court: USDC-MDAL - Northern Division,
           2:06-CR-202-WKW-CSC
Cause: 28:2255 Motion to Vacate / Correct Illegal Sentenc

Date Filed: 05/29/2008
Jury Demand: None
Nature of Suit: 510 Prisoner: Vacate
Sentence
Jurisdiction: U.S. Government
Defendant

**Plaintiff**

**Eugene L. Cleckler**

        represented by  **Eugene L. Cleckler**
Reg No 12009-002
BUTNER LOW
FEDERAL CORRECTIONAL
INSTITUTION
Inmate Mail/Parcels
P.O. BOX 999
BUTNER, NC 27509
PRO SE

V.

**Defendant**

**United States of America**

        represented by  **Andrew O. Schiff**
United States Attorney's Office - ALM
PO Box 197
Montgomery, AL 36101-0197
334-223-7280
Fax: 334-223-7135
Email: andrew.schiff@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Christopher A. Snyder**
U. S. Attorney's Office

CM/ECF - U.S. District Court: ALMD

Criminal Division
PO BOX 197
Montgomery, AL 36101
334-223-7280
Fax: 334-223-7135
Email: christopher.a.snyder@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 08/01/2008 | 11 | REPLY BRIEF re 7 Reply Brief (Reply to the United States' Response) filed by Eugene L. Cleckler. (Attachments: # 1 Affidavit of Eugene L. Cleckler)(wcl, ) (Entered: 08/04/2008) |
| 07/10/2008 | 10 | Corporate/Conflict Disclosure Statement by United States of America. (Schiff, Andrew) (Entered: 07/10/2008) |
| 07/10/2008 | 9 | ORDERED that on or before 7/31/2008, the petitioner may file a reply to the response filed by the United States, as further set out in order. Signed by Honorable Charles S. Coody on 7/10/2008. (wcl, ) (Entered: 07/10/2008) |
| 07/10/2008 | 8 | Notice of Deficiency requiring filing of Corporate Disclosure/Conflict Statement sent to United States of America; Corporate Disclosures due by 7/24/2008. (Attachments: # 1 Corporate/Conflict Attachment)(wcl, ) (Entered: 07/10/2008) |
| 07/09/2008 | 7 | REPLY BRIEF re 1 MOTION to Vacate, Set Aside or Correct Sentence (2255) filed by United States of America. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7)(Schiff, Andrew) Modified on 7/10/2008 to add link to 1 Motion (wcl, ). (Entered: 07/09/2008) |
| 06/18/2008 | 6 | Response to Order re 4 Order,, by Ronald Ray Brunson. (Attachments: # 1 Affidavit)(Brunson, Ronald) (Entered: 06/18/2008) |
| 06/13/2008 | 5 | ORDER denying 3 Motion for Bond Pending Final Resolution of 2255. Signed by Honorable Charles S. Coody on 6/13/2008. (wcl, ) (Entered: 06/13/2008) |
| 06/10/2008 | 4 | ORDER directing United States Attorney to file a response to Cleckler's motion within thirty (30) days from the date of this order, as further set out in order; ORDERED that within twenty (20) days from the date of this order, Mr. Brunson shall file with this court an affidavit, as further set out in order; DIRECTING the CLERK to serve a copy of Cleckler's 2255 motion upon the United States Attorney for the Middle District of Alabama and provide copies of the instant 2255 motion to attorney Ronald Ray Brunson. Signed by Honorable Charles S. |

| | | |
|---|---|---|
| | | Coody on 6/10/2008. (wcl, ) (Entered: 06/10/2008) |
| 05/29/2008 | | ***Attorney Andrew O. Schiff, Christopher A. Snyder for United States of America added. (NO PDF ATTACHED) (wcl, ) (Entered: 06/10/2008) |
| 05/29/2008 | 3 | MOTION for Bond pending final resolution of 2255 by Eugene L. Cleckler. (vma, ) (Entered: 05/30/2008) |
| 05/29/2008 | 2 | MEMORANDUM and Exhibits in Support re 1 Motion to Vacate/Set Aside/Correct Sentence (2255) filed by Eugene L. Cleckler. (vma, ) (Additional attachment(s) added on 5/30/2008: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3) (vma, ). (Entered: 05/30/2008) |
| 05/29/2008 | 1 | MOTION to Vacate, Set Aside or Correct Sentence (2255), filed by Eugene L. Cleckler. (Attachments: # (4) criminal docket sheet, # 5 judgment)(vma, ) Modified on 5/30/2008 - to show attachments as criminal docket sheet & judgment (Exhibits 1-3 were attachments to memo in support) (vma, ). (Entered: 05/30/2008) |

| PACER Service Center | | | |
|---|---|---|---|
| Transaction Receipt | | | |
| 08/05/2008 16:45:08 | | | |
| PACER Login: | du4733 | Client Code: | |
| Description: | Docket Report | Search Criteria: | 2:08-cv-00397-WKW-CSC |
| Billable Pages: | 2 | Cost: | 0.16 |

# EXHIBIT D

**United States Department of Justice**
**Consolidated Debt Collection System**
**Single Liability Payment History**
**For Report Parameters: 2007A68810 , 001 , 1688079**

Report Level: ALM

Report Date: 06/08/2008

**PAYMENTS**

CDCS 2007A68810/001   Name Cleckler, Eugene L.   Collect 6A   Court 2:06CR00   Priority 02
NBR                                              Type         Nbr   0202       Code

| Seq Nbr | Finance Code | Received Date | Payment Form | Received By Usao | Collect Type | 6A Court Nbr | Priority Code | Deposit Nbr | Check Nbr | Scheduled Payment Amount | Bcp Deposit Nbr | Scheduled Payment Date | Payment Date | Current Liability | Payment Amount |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 0003 | PMNT | 07/05/2007 | CL | A | court | | | | 0693 | | | | 07/17/2007 | | $200.00 |
| 0005 | PMNT | 10/10/2007 | CB | A | CLECKLER, EUGENE L | | | | | | 446 08-011 | | 11/09/2007 | | $25.00 |
| 0006 | PMNT | 11/13/2007 | CB | A | CLECKLER, EUGENE L | | | | | | 446 08-021 | | 12/04/2007 | | $25.00 |
| 0007 | PMNT | 12/10/2007 | CB | A | CLECKLER, EUGENE L | | | | | | 446 08-031 | | 01/09/2008 | | $25.00 |
| 0008 | PMNT | 01/08/2008 | CB | A | CLECKLER, EUGENE L | | | | | | 446 08-041 | | 02/04/2008 | | $25.00 |
| 0009 | PMNT | 02/11/2008 | CB | A | CLECKLER, EUGENE L | | | | | | 446 08-051 | | 03/04/2008 | | $25.00 |
| 0010 | PMNT | 03/11/2008 | CB | A | CLECKLER, EUGENE L | | | | | | 446 08-061 | | 04/08/2008 | | $25.00 |
| 0011 | PMNT | 04/11/2008 | CB | A | CLECKLER, EUGENE L | | | | | | 446 08-071 | | 05/07/2008 | | $25.00 |
| 0012 | PMNT | 05/12/2008 | CB | A | CLECKLER, EUGENE L | | | | | | 446 08-081 | | 06/03/2008 | | $25.00 |
| 0013 | PMNT | 06/10/2008 | CB | A | CLECKLER, EUGENE L | | | | | | 446 08-091 | | 07/08/2008 | | $25.00 |
| 0014 | PMNT | 07/09/2008 | CB | A | CLECKLER, EUGENE L | | | | | | 446 08-101 | | 08/05/2008 | | $25.00 |
| Total | | | | | | | | | | | | | | $317,451.21 | $450.00 |